Vera Joe DURHAM *v.* James M. DURHAM

85-321                                    708 S.W.2d 618

Supreme Court of Arkansas
Opinion delivered May 5, 1986

4

*Mike Rothman* and *Ben D. Rowland, Jr.* of *Rowland & Templeton*, for appellant.

*Callahan, Crow, Bachelor, Lax & Newell, P.A.*, by: *C. Burt Newell* and *George M. Callahan*, for appellee.

GEORGE ROSE SMITH, Justice. This is a divorce case. The parties, both Arkansans, were married in Arkansas in 1971. He had entered the Marine Corps earlier that year. Their married life was spent at various military stations. One child, a daughter, was born in 1980. The couple separated in October, 1982, and Mrs. Durham filed this divorce action that December.

After a four-day trial, at which more than 15 witnesses testified, the chancellor granted a divorce to the wife on the ground of indignities and awarded her the custody of the child.

Her appeal, lodged in this court under Rule 29(1)(c), presents three primary issues relating to alimony or to the division of property.

The appellant first questions the chancellor's refusal to award her an interest in whatever military pension Major Durham may be entitled to receive in the future. The marital status existed for 13 years, from 1971 until the divorce in December, 1984. The contention is that Mrs. Durham should be declared to have an interest in Durham's pension in whatever ratio those 13 years bear to his total military service at the time he begins to receive a pension.

We agree with the chancellor. The proof is that Durham will not be entitled to a pension until he has served for at least 20 years. Until then, unlike the professor in *Day* v. *Day*, 281 Ark. 261, 663 S.W.2d 719 (1984), Major Durham has no vested right that must be recognized as marital property. He is employed by the United States; so Congress could at any time change his retirement plan or abolish it. Durham's expectancy is more like the expectancy of termination pay that we considered in *Lawyer* v. *Lawyer*, 288 Ark. 128, 702 S.W.2d 790 (1986). The appellant relies upon the Uniformed Services Former Spouses' Protection Act, 10 USCA § 1408 (1983), but that federal statute merely provides that the military authorities may treat a serviceman's retirement pay as the property of him and his spouse in accordance with state law. No independent property right is created in the spouse by the federal act. In this instance no such right exists under Arkansas law.

Second, the chancellor held that a $13,500 money-market certificate that Mrs. Durham cashed during the pendency of the suit should be treated as having been marital property that was owned equally. She argues that the money used to purchase the certificate, or at least the greater part of it, was her separate property before the marriage; so the certificate should be declared to have been her property, in whole or in part.

The testimony of the parties about the source of the funds was in such conflict that the chancellor expressed his difficulty in making an equitable division. He noted that Durham's proof indicated that Mrs. Durham owed him more than the amount of the certificate. Without attempting the seemingly

impossible task of tracing all the funds that went into the certificate, the chancellor ended his discussion of the point by declaring that the certificate was marital property, to be divided equally.

We cannot say that his decision was clearly erroneous. The most important issue was that of credibility as between conflicting testimony, a matter upon which we must defer to the trial court's judgment. Moreover, in two respects the appellant's position is demonstrably unsound. One, she relies upon affidavits that were attached to a motion to amend the decree. The chancellor was justified in refusing to accept such inadmissible evidence, there being no showing that the asserted facts could not have been offered at the trial by testimony that would have been subject to cross examination. Two, the argument is made that since at one time a predecessor certificate of the one in issue had been payable to these two parties and to Mrs. Durham's parents, as joint tenants with right of survivorship, Durham's interest cannot exceed one fourth of the certificate. The flaw in this argument is that the owner of a certificate of deposit may direct the bank to add or remove other names as co-owners, but the real ownership does not change until the principal depositor surrenders the certificate or dies. "Due to the nature of a certificate of deposit and the law relating thereto, the purchaser has the right during his lifetime to change the certificate and cause it to be payable to different parties or even to cash it in." *Gibson* v. *Boling*, 274 Ark. 53, 622 S.W.2d 180 (1981).

Third, the appellant argues that we should extend the chancellor's allowance of alimony, which he fixed at $500 a month for six months. (There was also an allowance of child support of $350 a month.) The appellant, a school teacher, has a B.A. degree in education and taught school at the sixth-grade level for five years before her marriage. Her certificate as a teacher can be reinstated if she obtains six hours of credit and passes a test. She declines to resume teaching until her daughter, who was four years old at trial, starts to school. The child is now in kindergarten. The chancellor ruled that this mother is entitled only to alimony sufficient to enable her to renew her teaching certificate and go back to work. We find no reason to overrule the trial judge's decision on this point.

The appellant's fourth and fifth points were not raised below until after the decree had been entered; they require only a few words. The trial judge was justified in refusing to consider an income tax matter that could have been developed during the trial. Finally, it is insisted that Major Durham should be required to post a bond if he ever decides to take the child out of this country while he is exercising his visitation privileges. We agree with the chancellor's observation that this issue is too speculative to require a decision at this stage of the case.

Affirmed.

PURTLE and HAYS, JJ., not participating.