John L. CHRISTOPHER *v.* Mary N. CHRISTOPHER

93-960                                          871 S.W.2d 398

Supreme Court of Arkansas
Opinion delivered March 7, 1994

*Michael Knollmeyer*, for appellant.

*Hubert W. Alexander*, for appellee.

DAVID NEWBERN, Justice. This is a divorce case. The question presented is the extent to which the appellee, Mary N. Christopher, is entitled to share in the military retirement pay of the appellant, John L. Christopher. The parties were first married for some 11 years while Mr. Christopher was on active duty in the United States Air Force. They divorced before Mr. Christopher's right to military retirement pay vested. Some eight months later they remarried and remained so for an additional nine years during which Mr. Christopher completed 20 years of service and his right to retirement pay vested. He retired in 1991. They again divorced in 1993, and the Chancellor held that Mrs. Christopher was entitled to a percentage of the retirement pay based upon the total number of years she was married to Mr. Christopher. Mr. Christopher contends the Chancellor should have considered only the years of the second marriage. We affirm the decree.

If a divorcing spouse has achieved an entitlement to military retirement pay, that entitlement is an asset which may be divided between the parties to the divorce. *Young* v. *Young*, 288

Ark. 33, 701 S.W.2d 369 (1986). If, however, the divorcing military spouse has not served for a time sufficient to have earned the right to receive military retirement pay, the right has not "vested" and there is no asset to be divided upon divorce. *Burns v. Burns*, 312 Ark. 61, 847 S.W.2d 23 (1993); *Durham* v. *Durham*, 289 Ark. 3, 708 S.W.2d 618 (1986).

Mr. Christopher cites *Bagwell* v. *Bagwell*, 282 Ark. 403, 668 S.W.2d 949 (1984), for the proposition that, "when parties are married to each other twice, property which either received in the first divorce is not marital property in the second divorce." That case involved a division of land between the parties upon the first divorce, and we held that, upon the second divorce, the asset divided in the earlier proceedings was not to be considered. As there was no military retirement pay asset to be divided upon the first divorce in this case, we cannot find the relevancy of the *Bagwell* case.

Perhaps equally inapplicable is Mrs. Christopher's citation of *McMurtray* v. *McMurtray*, 275 Ark. 303, 629 S.W.2d 285 (1982), where in the first divorce property settlement agreement the wife gave up her interest in a non-transferable stock account in exchange for receiving the equity in a home. There it was held that it was the intention of the parties, upon second marriage, to abrogate their earlier property settlement agreement. Again, in the case now before us there simply was no asset to be dealt with upon dissolution of the first marriage.

Mr. Christopher has also presented cases from other jurisdictions in an attempt to bolster his position. We do not find these cases persuasive. Our previous holdings along with Ark. Code Ann. § 9-12-315(b) (Supp. 1993) control the issue involved in this case.

Our marital property statute, § 9-12-315(b), defines "marital property" as "all property acquired by either spouse subsequent to the marriage," with exceptions not relevant here. The right to military retirement pay was acquired by Mr. Christopher subsequent to the second marriage.

Section 9-12-315(a) provides:

All marital property shall be distributed one-half (1/2) to

each party unless the court finds such a division to be inequitable. In that event the court shall make some other division that the court deems equitable taking into consideration: . . . (viii) Contribution of each party in acquisition, preservation or appreciation of marital property, including services as a homemaker. ... .

In cases where there has been continuous marriage between parties such as Mr. and Mrs. Christopher, we have approved a division of the vested right to military retirement pay based upon the contribution of the non-military spouse calculated in terms of the number of years of marriage during the service of the military spouse. *Askins* v. *Askins*, 288 Ark. 333, 704 S.W.2d 632 (1986); *Marshall* v. *Marshall*, 285 Ark. 426, 688 S.W.2d 279 (1985). That was the Chancellor's approach here. She held the parties were married for 16 of the 24 years Mr. Christopher served in the Air Force, thus Mrs. Christopher was entitled to 50% of 2/3, *i.e.*, 1/3, of Mr. Christopher's military retirement pay.

We find no fault in the result reached. We are given no reason to hold that Mrs. Christopher's contribution was of less value because some of it occurred during the first marriage. As this asset was one acquired by Mr. Christopher subsequent to the second marriage and did not exist for the purpose of consideration or division in the earlier divorce, it was not improper to assess Mrs. Christopher's total contribution to the acquisition of it. Affirmed.

BROWN, J., concurs.

CORBIN, J., not participating.