**KORETA SI'ITIA SA'O, Petitioner,**

**v.**

**MANUIAATOA SA'O, Respondent.**

High Court of American Samoa
Trial Division

DR No. 14-01

January 15, 2002

Before KRUSE, Chief Justice, and ATIULAGI, Associate Judge.

Counsel : For Petitioner, Toetagata Albert Mailo
For Respondent, Pro Se

## DECISION AND ORDER

The evidence shows that the parties were married on November 18, 1985, and made Taputimu the marital place of residence. After 15 years of marriage, the parties separated in December 2000 and for all intents and purposes the marriage has ceased to exist. The cause of the split is another woman with whom respondent is now living. While petitioner continues to reside in Taputimu with the parties' four minor children, the respondent, after the commencement of these proceedings, suddenly moved to Hawaii without word, even to his lawyer who has since withdrawn from representing him. According to petitioner, the marriage is irretrievably broken down; she seeks a divorce wanting to get on with her life.[1]

At the time of the separation, the respondent was gainfully employed with one of the local tuna canneries earning roughly the local minimum wage, a weekly paycheck of approximately $128.00. In addition, the respondent had, during the marriage, been a member of the United States Army Reserve contingent in the Territory. He recently accumulated twenty years of service, entitling him to a retirement pension when he reaches age 60. Respondent is currently 52 years of age. At the same time, the respondent also worked with the Army's Post Exchange.

We are satisfied on the evidence that the material allegations of the petition have been proven. Specifically, we find and conclude that:

1. That the petitioner has been a bona fide resident of the territory for period in excess of one year preceding the filing of her petition. At the same time, the respondent has been duly served process. We therefore note jurisdiction under A.S.C.A. § 42.0204 and § 42.0206(a)(1).

---

[1] Notwithstanding, respondent has been in contact with petitioner asking that he be given one of their children. He also expressed to petitioner his desire not wanting to divorce nor having to pay child support.

2. That the parties' differences are irreconcilable, constituting grounds for divorce under A.S.C.A. § 42.0202(6).

3. That the parties' children are best left to the continuing care and custody of their mother, with reasonable visitation rights to the respondent. The children need the support of their father who is able bodied and capable of paying child support toward the children's needs. Under A.S.C.A. § 42.0210, the court may by order provide for "the custody, care, maintenance and support of the minor children of the parties." In view of respondent's work history, we find that child support in the sum of $100 per month per child is reasonable; to be payable by the respondent to petitioner throughout each child's legal dependency.

4. That under A.S.C.A. § 42.0210, "the court may make a division of, or order with respect to, the property of either or both of the parties as it deems fair and proper." In American Samoa, a military pension or "retired pay" is considered marital property and thus "subject to division by this court under the Uniformed Services Former Spouses Protection Act ("FSPA"), 10 U.S.C. § 1408." *Pagofie v. Pagofie*, DR No. 114-98 (Trial Div. 1999); *see In re Marriage of Gallo*, 752 P.2d 47, 48-50 (Colo.1988) (discussing the history, purpose, and scheme of FSPA).

Like any divisible asset, a divorcing spouse's pension must vest before it can be distributed; "a mere expectancy is not subject to division." *Storm v. Storm*, 470 P.2d 367, 370 (Wyo. 1970); *see Christopher v. Christopher*, 871 S.W.2d 398, 399 (Ark. 1994). Military pensions vest after 20 years of service. *Durham v. Durham*, 708 S.W.2d 618, 619 (Ark. 1986); *In re Marriage of Gallo*, 752 P.2d at 48. Once vested, however, the pension is subject to division in a divorce even though it may not have matured. *See In re Marriage of Gallo*, 752 P.2d at 50-51, citing *In re Marriage of Grubb*, 745 P.2d 661 (Colo. 1987). In this case, the pension has vested, as the husband served over 20 years; it will not mature, though, for another 8 years.

Additionally, a nonmilitary spouse cannot receive a portion of the military pension unless the "parties' marriage lasted 10 years or more during the time the one spouse was a member of the armed forces." *In re Marriage of Gallo*, 752 P.2d at 50; *see also* 10 U.S.C. § 1408 (d)(1)-(2). Once a nonmilitary spouse qualifies, the total amount of the retired pay available "may not exceed 50 percent of such disposable retired pay." 10 U.S.C. § 1408 (e)(1).

Giving due regard to the lengthy duration of the marriage, the petitioner's military pension entitlement or retired pay is deemed to be marital property. Except for Petitioner's military retirement benefits, there is no accumulated marital property of any consequence. Therefore,

321

an award to petitioner of 50% of respondent's military pension or retired pay is fair and proper under the circumstances.[2]

## Order

1. The petition for divorce is granted, with the respondent restored to her maiden name if she so desires. The marriage of the parties is hereby dissolved, and each is free to remarry.

2. The petitioner shall have custody of the parties' minor children with reasonable rights of visitation to the respondent.

3. The respondent shall pay to petitioner toward the needs the children the sum of $100 per month per child. Such payments shall continue throughout each child's respective dependency.

4. Half of the respondent's military pension proceeds is awarded, and shall be payable, to petitioner.

It is so ordered.

---

[2] The petitioner may wish to note the provisions of U.S.C. § 1408(b), for service, of this order, requirements upon the "Secretary," and subparagraph (d)(1), with regards to property division payments.