CLIFF HOOFMAN, Judge - . [ 1 Appellant Gregory L.. Pelts , (“Gregory”) appeals from a December 22, 2014 divorce decree filed by the Lonoke County Circuit Court in favor of appellee Shelly A. Pelts (“Shelly”).. On appeal, Gregory first contends that the circuit court erred when it treated nonvested retirement benefits as property and thus capable of distribution in a divorce. Second, Gregory contends that the circuit court erred when it ordered him to elect and pay for survivor benefits for Shelly on his nonvested retirement plan. Alternatively, he contends that the circuit court erred when it failed to order Shelly to pay for survivor benefits for him on her vested retirement plan. We affirm in part and remand for further clarification in part. Gregory and Shelly were married on August 4,-1990, and separated on or- about July. 1218, 2013. Shelly filed a complaint for divorce on July 18, 2013. Gregory subsequently filed a response and counterclaim for divorce. After a hearing, the circuit court filed a temporary order on October 10.2013. addressing issues of child custody, alimony, and property division, which were agreed on by the parties. However, the parties disagreed as to the division of Gregory’s retirement account, which is also the subject of this appeal. A second hearing was held on May 8.2014. At that hearing. Shelly testified that she was requesting that she receive one-half of the marital portion of Gregory’s military retirement benefits. She explained that he had served in the. military throughout most of their marriage. According to Gregory’s “Army National Guard Annual Statement.” Gregory entered into the military in 1985, and he had twenty-six years of “creditable service.” If he was to retire at the date of the hearing, he would receive $3,734.51 per month after he turned age 60. Shelly recognized the fact that he was currently serving active duty and that he would have twenty years of active-duty service if he served an additional four years. After an additional four years, he would be forced to retire because he would have served a total of thirty years. She denied, however, that there are two separate types of military retirement, reserve and active duty, because it is “called ‘creditable service’ ... not called ‘reserve service’ or ‘active service.’ ” Therefore, she testified that Gregory was diready vested in his military retirement because he had twenty-six years of creditable service. Gregory testified that he was currently serving in the Army National Guard. He Centered into the Army Reserve on June 10,1985. He later transferred into ROTC and then went on active duty for three years. He further testified that he subsequently had a ten-month break in service but that he joined the Army National Guard in part-time reserve status for approximately eight or nine years., In 2001, he went back on active duty in the Army National Guard. ■ Gregory contended that there were two separate military retirement plans, active and reserve. He explained that he had twenty-six years of creditable service toward his reserve retirement. However, he intended to pursue his active-.duty retirement, and he testified that he would not be allowed to draw from a reserve program if he did so. At the hearing, he testified that he-did not have a problem with electing survivor benefits to-allow Shelly to continue - to draw benefits in the event -of his death. After he obtained twenty years of active-duty service, which .was in about four more years, he explained that he would receive benefits based on his highest three, years of base pay instead of a point-based system as is used in the reserve-retirement plan. While he admitted that his service during the marriage may be relevant to his active retirement, he explained that he was not vested in the separate active-duty retirement plan until he served twenty years on active duty, which he had hot done during the marriage. Although he testified that he had four more years until he was able to withdraw active-duty retirement and that he planned on staying on active duty for another four years, he testified that a lot of things could happen that would stop him from completing the four |4years and that he was not ■yet vested in the active-duty retirement plan. He agreed that he was vested in his reserve-retirement plan, although he did not receive anything under that plan until he turned age sixty. That said, he admitted that some of his reserve time' was included in the military’s calculations when determining eligibility for active duty. On June 9, 2014, Shelly filed a posttrial brief. In her brief, she argued that Gregory was vested in his military retirement, based on his combined service, and that she should not be divested of that marital asset. In Gregory’s posttrial brief, filed on August 15,2014, he admitted that he was vested in his reserve retirement, but he argued that he was not yet vested in his active-duty retirement. He alleged that the two retirements were separate and should not be grouped together. He explained that he would not be able to collect under his reserve retirement until he was age sixty, but if he decided to continue in his active-military duty for another four years, after which he would be vested in his active-duty retirement, he would be able to start collecting active-duty retirement as soon as he retired. Despite his initial testimony to the contrary at the May 8, 2014 hearing, Gregory additionally argued in his posttrial'brief that he should not be required to elect the survivor benefit plan when he retired because'"’the expense was 6.5 percent of the retirement check per month for doing so. He maintained that if the circuit court mandated that he elect the survivor benefit plan, then Shelly should be required to pay for that benefit herself. In summary, he requested the circuit court to find that he pay Shelly $1,258.02 per month |Bwhen he turned age sixty, which was based on the “May [Retirement Points Annual Statement] RPAS statement minus the points received prior to marriage and minus Defendant’s share of Plaintiff’s teacher retirement;” that ho party should be required to elect a survivor benefit plan for the other’ party; and that no party should be required to provide a cost of living adjustment for the other party. On December 1, 2014, a third hearing was held.. At that hearing, Shelly’s counsel indicated that although the decree had been drafted, Gregory’s counsel had objected to the wording, and Gregory would not sign it. Both parties’ counsel provided additional oral arguments regarding them positions, and the circuit court issued a letter ruling in favor of Shelly and directed Shelly’s counsel to prepare a modified divorce decree. A divorce decree was filed on December 22, 2014, and it made the following findings regarding the division of the retirement benefits: 6. The issue of retirement benefits was- a disputed issue which was decided by the Court as follows: a. The Plaintiff shall receive one-half of the marital portion of Defendant’s military retirement; without reduction for disability compensation, and regardless of the form the benefits take, including but not limited to, whether the Defendant draws an active duty or reserve retirement, as the Court finds this is an asset of the marriage which cannot be divested. 'The Order Dividing Military Retirement shall be prepared at Plaintiffs expense. Plaintiff is entitled to a portion of Defendant’s military retirement based upon the following formula: The numerator of the formula shall be the months the parties were married while Defendant was in the military service, or if applicable,’ the number of retirement points accumulated during the months the parties were married while Defendant was in the military service. The denominator shall be .the total years the Defendant ultimately served in the military, or if applicable, the retirement points accumulated during the Defendant’s military ^service. The numerator will be divided by the denominator and multiplied by one half to determine the amount of retirement to be paid to Plaintiff (months married / total months of service x ½ = Plaintiffs portion of retirement benefits); b. That in accordance with Askins v. Askins, 288 Ark. 333, 704 S.W.2d 632 (1986), and the facts herein, the Court finds that Plaintiff is entitled to the benefit of any enhancement to the retirement which may occur between the date of divorce and the Defendant’s retirement. Therefore, should the Defendant draw his retirement benefits earlier than age sixty so shall the Plaintiff. The Plaintiff shall draw retirement benefits from the - Defendant’s military retirement whenever Defendant draws; c. Defendant shall elect and pay for survivor benefits for Plaintiff regarding his military retirement; and d. Defendant is awarded one-half of the marital portion of Plaintiff & teacher retirement which has accrued and vested for which a Qualified Domestic Relations Order shall issue and be prepared at Defendant’s expense. This timely appeal followed. On appeal, this court reviews divorce cases de novo on the record. Taylor v. Taylor, 369 Ark. 81, 250 S.W.3d 282 (2007). With respect to the division of property, we review the circuit court’s findings of fact and affirm them unless they are clearly erroneous, or against the preponderance of the evidence; the division of property itself.is also reviewed under the same standard. Brave v. Brave, 2014 Ark. 175, 433 S,W.3d 227. A finding is clearly erroneous when the reviewing court, on the entire evidence, is left with the definite and firm conviction that a mistake has been committed. Id. We give due deference to the circuit court’s superi- or position to determine the credibility of witnesses and the weight to be given their testimony.,, Id. As to issues of law, however, we give no deference to |7the trial court and rather review issues of law and statutory construction de novo. Hargrove v. Hargrove, 2015 Ark. App. 45, 453 S.W.3d 683. Gregory first contends that the circuit court, erred when it treated nonvested retirement benefits as. property and thus capable of distribution in a divorce. In essence. Gregory admits that he is vested in his reserve-retirement plan, but he argues that he is not yet vested in his active-duty retirement plan. He argues that the two retirements are separate and should not be grouped together. Therefore, he argues that Shelly should only be allowed to receive one-half of her marital portion of the reserve retirement that he would have received at the date of divorce and that she should only be allowed to collect this retirement when he turns age sixty, regardless of whether he starts collecting higher retirement benefits in only four years under the active-duty retirement plan. Shelly disagrees. She argues that “[wjhile the retirement benefits to which a service member may become entitled to is computed differently depending upon whether they serve in the non-regular or regular system, when they serve in both systems they still receive but one retirement. ' In other words, regardless of whether or not Appellant remains in the military long enough to draw ‘active duty retirement,’ he will receive but one retirement which is based upon his service in both the reserves and active duty.” Therefore, she argues that Gregory is already vested in receiving his military retirement, regardless of the form; and that she is entitled to any future enhancement under our supreme court’s holding in Askins v. Askins, 288 Ark. 333, 704 S.W.2d 632 (1986). |sWe find Shelly’s argument that there is only one military-retirement plan’ that encompasses varying benefits depending on the length and type of service convincing. This is supported by Gregory’s testimony that he would be entitled to receive only one retirement check for his combined service, and even' the relevant federal statutes use the term “retired pay,” regardless of whether the statute' references retirement benefits for reserve or active-duty service. See 10 U.S.C.A. § 12731 & 10 Ü.S.C.A. § 1401. Furthermore, Gregory has failed to provide any citation of authority that makes the distinction he[1] now proposes. -In determining whether Shelly, is entitled to Gregory’s military-retirement benefits, our supreme court’s decision in Christopher v. Christopher, 316 Ark. 216, 871 S.W.2d 398 (1994) is instructive.- If a divorcing spouse has achieved an entitlement to military retirement pay, that entitlement is an asset which may be divided between the parties to the divorce. Id. If, however, the divorcing military spouse has not served for a time sufficient to have earned the right to receive military retirement pay, the right has not “vested” and there is no asset to be divided .upon divorce.. Id. It is undisputed that Gregory’s right to military retirement pay is vested based on his reserve service. Additionally, Shelly is entitled to any future enhancements. In Askins, our supreme court held that a spouse is entitled to any pre- and post-marital enhancement to military retirement pay. Askins, supra. There, the service member argued that the formula for dividing his military retirement should not have included any enhancements that occurred Rprior to their marriage or any enhancements that occurred after the date of divorce but before his actual retirement. Our supreme court disagreed and held the following: The task of the court is to ascertain the value of the prospective military pension as an asset of marital property. Section 34-1214 requires that it be divided with fifty percent to each party unless other considerations stated in the statute make other than equal division more equitable. If Colonel Askins retired tomorrow or had retired on the day of his divorce, as he is and was eligible to do, under the. chancellor’s formula Mrs. Askins would have been limited to a percentage of his base retirement pay determined as of that date. That is and was in Colonel Askins’s power to determine. If he had retired the day of the divorce and then gone to work for a company with a new retirement program, Mrs. Askins would not have been entitled to participate in the new retirement benefits. However, she is entitled to a percentage of whatever his military pension may be because, that is the asset to which she contributed. We are in no position- to say, especially given the record before us, that Mrs. Askins’s contribution to the pension was any less because she was married to Colonel Askins in the middle of his career than it would have been had she been married to him for, say, the last twelve years of it. The enhancement of the ultimate retirement pay may be most dramatic at the end, but the record before us contains no evidence of that, and none whatever of military pay scales. Even if such evidence were in the record, we could not say with assurance that Mrs. ’ Askins’s entitlement, based on her contributions to the marriage, should be less than, as in the example above, 12/28 of the pay expected. While no cases we have found, other than the one containing the dissenting opinion cited above, have gone into this “enhancement” discussion, many have approved a formula like that used by the chancellor in this case. Askins v. Askins, 288 Ark. 333, 336-37, 704 S.W.2d 632, 634 (1986). Applying the principles set forth by our supreme court to the present case, we conclude that the circuit court committed no error in awarding Shelly one-half of her marital portion of Gregory’s military retirement effective when Gregory retires and begins drawing benefits. Under the ' particular circumstances of this case, we think this case is akin' to Askins, supra, in that the trial court permitted Shelly to share in the post-divorce enhancement of the retirement pay, Incommensurate with the fraction of the years of marriage compared to Gregory’s total years of military service. We hold that such a division did not run afoul of our marital-property law. and was not clearly erroneous. Gregory contends in his second point on appeal that the circuit court erred when it ordered him to elect and pay for survivor benefits for Shelly on his nonvested retirement plan. Gregory additionally argues that he should not have been.required to pay the entire premium for the survivor benefits and that the circuit court erred in ordering him to do so without any additional findings justifying the unequitable distribution. Shelly disagrees. Shelly argues that the circuit court’s order does not require Gregory to pay the entire survivor benefit premium. Instead, she explains the premium “comes ‘off the top’ of the retirement before the division, with the effect that both parties ... [pay] their share of the [survivor benefit plan] costs.” In his reply brief, Gregory states that if this court finds that the circuit court did not err in awarding survivor benefits, then he does not object to the survivor benefits if the cost is shared by the parties as Shelly suggests in her brief. However, he suggests that the circuit court’s- order needs to be modified to clarify that “ ‘both parties end up paying their share of the [survivor benefits plan] costs’ instead of the current language that states that the ‘Defendant shall elect and pay....’” As we found above in our discussion of the first point on appeal, the circuit court did not err in dividing Gregory’s military retirement, including any future enhancements. Additionally, we do not find that the circuit court erred in requiring Gregory to elect a |nsurvivor benefit plan in its marital-property division. In Arkansas, military retirement benefits are marital property. Surratt v. Surratt, 85 Ark. App. 267, 148 S.W.3d 761 (2004). In Dove v. Dove, 2009 Ark. App. 682, 2009 WL 4654830, this court found that a circuit court did not clearly err when it ordered the parties to divide the monthly premium for the survivor’s benefit. Although the circuit court’s order appears to order Gregory to bear the payment of the premium in its entirety, appellee suggests, without objection from appellant, that she would bear a proportional payment because of thé'manner in which the government issues the -retirement check. . Based on this confusion on appeal and Gregory’s concession that he would bear a proportional share of the obligation, as appellee indicated was her existing understanding of the order, we 'remand this issue- to the circuit court -for further clarification and modification of the divorce decree consistent with this opinion. Finally,. Gregory briefly, argues that the trial court erred in not ordering Shelly to also pay for survivor benefits for him on her vested retirement plan. However, this issue was not sufficiently developed below to determine if such an election was eyen available .under Shelly’s retirement, Furthermore, the circuit court’s order does not contain a, specific ruling on this issue. Therefore, on this undeveloped record, we decline to address this issue. See Taylor v. Taylor, 369 Ark. 31, 250 S.W,3d 232 (2007); Parker v. Parker, 97 Ark.App. 298, 248 S.W.3d 523 (2007). Affirmed in part; remanded for elarifi: cation.in part. Gruber, Glover, Vaught, and Brown, JJ., agree. Hixson, J., dissents in part and concurs in part. . 10 U.S.C. § 12731(a)(4) provides, in pertinent part, that individuals are prohibited from receiving reservist retirement benefits if they are entitled to receive retirement from any of the armed forces, i.e., active-plan benefits.