Courtney Hudson Goodson, Justice, concurring in part and dissenting in part. I disagree with the majority’s decision to reverse the circuit court’s division of appellant Gregory Pelts’s military retirement pay pursuant to the parties’ divorce. Thus, I must dissent from that portion of the opinion. During the divorce proceeding, appellee Shelly Pelts’s entitlement to a marital portion of Gregory’s military retirement was the primary issue in dispute. Shelly testified that she was entitled to one-half of the marital portion of Gregory’s military retirement benefits based on the fact that he had served in the military throughout their entire twenty-] 7three-year marriage. Gregory’s November 6, 2013 “Army National Guard Annual Statement” was introduced into evidence showing that he had entered the military in 1985 and that he had accumulated twenty-six years of creditable service and 6,367 points. The statement further provided that if he were to retire as of that date, he would receive $3,734.51 per month in benefits upon turning age sixty. Shelley explained that if Gregory retired immediately, he would not yet have reached twenty years of active-duty service, and he would not receive any reserve retirement benefits until age sixty. However, she indicated that he intended to remain in the military for four more years, at which point he would be forced to retire with thirty years of total service and would qualify for active-duty retirement benefits, which he would begin receiving immediately upon his retirement. Shelly stated that if Gregory received active-duty retirement, it would be based on the retirement points accumulated during all of his years in the military. She testified that active-duty retirement benefits and reserve-duty retirement benefits were not two separate systems but were instead based on the member’s total creditable service. Thus, she indicated that it would be unfair for Gregory to divest her of his vested retirement based on his twenty-six years of creditable service, solely because he had not yet qualified to receive active-duty retirement benefits at the time of their divorce. Gregory testified that even though he was presently vested in reserve-retirement benefits, he intended to pursue active-duty benefits, which he would receive immediately after retiring. According to Gregory, Shelly was entitled to only one-half of his reserve retirement, which he agreed he would never actually receive if he instead retired with twenty years of active duty. He admitted that the reserve time he had accumulated during |shis marriage would be included in the military’s calculations when determining his eligibility for active-duty benefits, although he indicated that it was not a one-to-one exchange. He also admitted that he was not an expert and that he was basing his testimony only off of his own personal beliefs and experiences. Following the hearings and the submission of posttrial briefs by the parties, the circuit court ordered that “[t]he Plaintiff shall receive one-half of the marital portion of Defendant’s military retirement, without reduction for disability compensation, and regardless of the form the benefits take, including but not limited to, whether the Defendant draws an active duty or reserve retirement, as the Court finds this is an asset of the marriage which cannot be divested.” The court further stated: That in accordance with Askins v. Askins, 288 Ark. 338, 704 S.W.2d 632 (1986), and the facts herein, the Court finds that Plaintiff is entitled to the benefit of any enhancement to the retirement which may occur between the date of divorce and the Defendant’s retirement. Therefore, should the Defendant draw his retirement benefits earlier than age sixty so shall the Plaintiff. The Plaintiff shall draw retirement benefits from the Defendant’s military retirement whenever Defendant draws[.] We review divorce cases de novo on appeal. Moore v. Moore, 2016 Ark. 105, 486 S.W.3d 766. The circuit court’s findings pertaining to the division of property will not be reversed unless they are clearly erroneous or against the preponderance of the evidence. Id. A finding is clearly erroneous when the reviewing court, on the entire evidence, is left with a definite and firm conviction that a mistake has been made. Id. We also give due deference to the circuit court’s determination of the credibility of the witnesses and the weight to be given to their testimony. Id. Based on the evidence presented by the parties, I simply cannot say that the circuit court clearly erred in finding that Gregory’s military retirement pay was a marital asset ^subject to equal division. While Gregory testified that reserve retirement and active-duty retirement are two separate retirement plans, he agreed that he will be entitled to receive only one retirement plan based on his total years of creditable service, which will include both his reserve and active service. Furthermore, Gregory offered no additional evidence or testimony to support his contention that there were two distinct retirement plans, and he admitted that he was not an expert on this issue. We have previously held that if a divorcing spouse has achieved an entitlement to military retirement pay, that entitlement is a marital asset that may be divided between the spouses. Christopher v. Christopher, 316 Ark. 215, 871 S.W.2d 398 (1994); Young v. Young, 288 Ark. 33, 701 S.W.2d 369 (1986). Conversely, if the military spouse’s right to receive military retirement pay has not vested, there is no asset to be divided upon divorce. Christopher, supra,; Burns v. Burns, 312 Ark. 61, 847 S.W.2d 23 (1993). Here, Gregory had achieved a vested entitlement to military retirement pay at the time of the parties’ divorce. The precise amount of his retirement benefits and when he will begin to receive them are yet to. be determined. However, to the extent that he receives increased benefits subsequent to the divorce, or he becomes entitled to receive his benefits sooner, this is merely a post-divorce enhancement to which the spouse is entitled pursuant to Askins v. Askins, 288 Ark. 333, 704 S.W.2d 632 (1986). See also Brown v. Brown, 332 Ark. 235, 962 S.W.2d 810 (1998) (reaffirming holding that postmarital enhancement in pension benefits may be marital in nature). In addition to Gregory’s failure to provide evidence below to support his position that there are two entirely separate military retirement plans at issue, he has also failed to lipcite any convincing authority on appeal. To the contrary, Title 10 of the United States Code, which sets forth general military law, contains a provision that provides for the computation of “retired pay,” and it includes both years of active service and reserve service in that computation. 10 U.S.C. § 1405 (2001). Similarly, 10 U.S.C. § 12732, which specifically discusses non-regular, or reserve service, includes active duty in the calculation of “retired pay” under that section. Furthermore, cases from other jurisdictions discussing the issue of military retirement in the context of a divorce treat active-duty service and reserve service as two components of one military retirement system. In Bojarski v. Bojarski, 41 A.3d 544 (Maine 2012), the court explained that military retirement points can be earned in different ways, with reservists receiving one point per day of active service and fifteen points per year for membership in a reserve component. The court discussed the need for different formulas for determining the marital portion of military retirement benefits depending on whether the service member participated in only one type of service or both active-duty and reserve-duty service. Id.; see also Dziamko v. Chuhaj, 193 Md.App. 98, 996 A.2d 893, 903 (2010) (stating that “military retired pay” while on active status is calculated based on the number of months of service, while credit for service while on inactive duty is calculated based on a point system); In re Marriage of Beckman, 800 P.2d 1376 (Colo. App. 1990) (discussing need for different method of calculation than one based strictly on time where member accumulates both active and reserve service). In fact, one article discussing military-service benefits under state law referred to Gregory’s argument in his appeal to our court of appeals as “an unusual argument that active-duty and reserve military retirement are two distinct retirement plans.” |nBrett R. Turner, 2 Equitable Distribution Of Property 3d § 6:42, n. 15 (Nov. 2016) (emphasis added). The majority bases its decision solely on Gregory’s contention that he is not yet vested in active-duty retirement, whereas he is already vested in his reserve-retirement benefits. However, if Gregory completes four more years of active service as he intends to do, he will then become entitled to active-duty retirement benefits and will not receive any portion of his supposedly “vested” reserve retirement benefits. Thus, the fallacy of the majority’s reasoning is demonstrated by the fact that, in an attempt to avoid awarding an interest in “unvested” retirement benefits, it is awarding Shelly an interest in benefits that even Gregory himself will likely not be entitled to receive in the future. Thus, I would affirm the circuit court’s finding that Shelly was entitled to one-half of the marital portion of Gregory’s military retirement pay, regardless of which type of benefits he ultimately receives. I agree, however, with the majority’s decision to reverse and remand on the issue of the survivor-benefit election. Shelly contends that the cost of the survivor-benefit plan will be shared by both parties because it is deducted from the retirement pay prior to the division of benefits to each party. See 10 U.S.C. § 1408(a)(4)(D) (2009). However, this is in conflict with the circuit court’s ruling that Gregory is responsible for electing and paying for the survivor benefit. Furthermore, as Gregory asserts, the circuit court did not rule that Shelly was required to make a survivor-benefit election for him on her retirement plan, thereby leading to an unequal division of property without any explanation by the court. I therefore concur with this portion of the majority opinion. |12Kemp, C.J., and Wynne, J., join.