LARRY D. VAUGHT, Judge
Appellant Jose Garcia ("Jose") appeals the divorce decree entered by the Pulaski County Circuit Court and its deemed-denial of his subsequent posttrial motions. We reverse and remand.
Jose and appellee, Maria Garcia, were married for thirteen years. The couple have two minor children together, X.G. (born in 2003) and B.G. (born in 2005). In October 2016, Maria locked Jose out of the marital home and subsequently filed for absolute divorce. Jose was served, and he *98 entered a timely answer. Jose also filed a counterclaim for divorce and a motion for contempt against Maria. In his motion, he alleged that on September 26, 2016, Maria fraudulently induced Jose (who does not speak or read English and relied on Maria to translate) to sign an agreement for monetary support based on Maria's false representations that the document dealt only with Jose's contributions toward household expenses while he resided at the marital home. Jose also claimed that Maria had sold, destroyed, or withheld items of his personal property and that she failed to disclose her Arkansas Teacher Retirement pension plan.
At the trial on June 8, 2017, Maria waived corroboration of grounds for divorce, and Jose waived all rights to visitation with his children. When the agreement for monetary support came up, the court clearly stated that it was not going to enforce an agreement that was entered into before either party had an attorney and was written in a language that one party did not understand. Maria repudiated the agreement in open court. Jose's attorney asked that the repudiation be put in the language of the divorce decree so that it may be filed with the clerk's office, to which the court agreed.
Regarding Maria's pension, Jose testified that he should receive the "marital fraction," "the portion of Ms. Garcia's pension that corresponds to the time we were married." Maria testified that, although she is not a contributor to the pension plan, she is vested and will receive "something" from the district after she retires. She testified that "I know I'm vested" and "I was vested after three ... years of working at the school district."
The court issued its decree on June 21, 2017, in which it granted Jose an absolute divorce and granted sole custody of the children to Maria. It ordered Jose to pay $346 biweekly in child support and $100 per pay period in spousal support, both effectuated through wage assignment. The court awarded Maria the couple's home and mortgage and awarded Jose title to the Nissan and Honda vehicles. The court found that neither party could afford the couple's 2016 Chevrolet Traverse and ordered that it be immediately sold or returned to the dealership. The parties were ordered to evenly split the debt remaining on the truck after the sale, with Maria getting credit for the monthly payments she had made on the vehicle. The court awarded Jose "the marital fraction, if any there be, of Ms. Garcia's pension with the Little Rock School District."
The court denied Jose's motion for contempt of court. The order did not address Maria's alleged disposal, destruction, or withholding of certain personal property and did not allocate or award that property to either party. As to the monetary agreement, the court found that the issue was moot as Maria had repudiated the agreement in open court. The decree stated that the monetary agreement is not to be enforced, and the court directed Jose to file the decree "wherever need be to protect against any future claim Ms. Garcia might attempt to make to enforce the agreement." The court also found that Maria's original failure to disclose her pension plan did not constitute contempt because she had mistakenly believed that she was not a plan participant.
On June 23, 2017, Jose filed a posttrial motion pursuant to Arkansas Rule of Civil Procedure 52 followed by an amended Rule 52 motion on June 26, 2017, both seeking additional findings and reconsideration of alimony. Jose then filed a motion, pursuant to Rules 60(a) and 52(b) of the Arkansas Rules of Civil Procedure and Arkansas Code Annotated section 9-12-320(a)(1), asking the court to set a specified *99 percentage of Maria's pension to which Jose is entitled. Jose stated that the motion was made pursuant to a request from the Arkansas Teacher Retirement System. Jose filed an amended motion, specifically seeking fifty percent of the pension. Maria never filed responses to Jose's posttrial motions, and the court never ruled on them. These motions were deemed denied pursuant to Rule 4(b)(1) of the Arkansas Rules of Appellate Procedure-Civil. Jose filed a notice of appeal on August 19, 2017, and an amended notice on August 26, 2017, after he discovered that Maria had remarried.
Jose's first point on appeal is that the court erred in finding that he was entitled to "the marital fraction, if any there be" of Maria's pension and erred in denying his posttrial motions to clarify the pension award. He argues that the undisputed evidence was that Maria was vested in her Little Rock School District pension plan and that she and Jose had been married in 2003, before she began working for the district. He notes that the Arkansas Teacher Retirement System (ATRS) directed Jose to seek clarification from the circuit court on the pension issue because it could not implement the court's order as written. Based on our supreme court's precedent in Addis v. Addis , 288 Ark. 205, 207, 703 S.W.2d 852, 854 (1986), Jose argues that he is entitled to an award of fifty percent of the pension accrued during the marriage (or stated differently, fifty percent of the pension as of the date of the divorce decree).
Jose cites numerous cases for the position that he is entitled to a share of Maria's pension, but there does not appear to be any dispute as to that point. The real issue is whether the circuit court erred in failing to specifically find that (1) Maria had a vested pension that was part of the property to be divided in the divorce decree, and (2) Jose was entitled to fifty percent of the pension. As to the first issue, we agree with Jose that it was reversible error for the court to fail to make an unequivocal finding that Maria had a vested interest in her pension plan based on the undisputed evidence presented at trial. To the extent that this is a finding at all, it is clearly erroneous.
As for the second issue, the court's failure to specifically designate the amount or percentage of the pension awarded to Jose, we reverse based on Arkansas Code Annotated section 9-12-315, which states in pertinent part:
(a) At the time a divorce decree is entered:
(1)(A) All marital property shall be distributed one-half (½) to each party unless the court finds such a division to be inequitable....
...
(B) When property is divided pursuant to the foregoing considerations the court must state its basis and reasons for not dividing the marital property equally between the parties, and the basis and reasons should be recited in the order entered in the matter;
(2) All other property shall be returned to the party who owned it prior to the marriage unless the court shall make some other division that the court deems equitable taking into consideration those factors enumerated in subdivision (a)(1) of this section, in which event the court must state in writing its basis and reasons for not returning the property to the party who owned it at the time of the marriage;
(3)(A) Every such final order or judgment shall designate the specific real and personal property to which each party is entitled.
...
*100 (b) For the purpose of this section, "marital property" means all property acquired by either spouse subsequent to the marriage except....
Ark. Code Ann. § 9-12-315 (Repl. 2015). From the statutory language above, it appears clear that the pension was marital property and that the statute requires the court to (1) divide all marital property evenly or state its reasons for unequal distribution, and (2) "designate the specific real and personal property to which each party is entitled." It failed to do either. This case is akin to Thurmon v. Thurmon , 2016 Ark. App. 497, at 5, 504 S.W.3d 675, 678, in which we held that
[t]here is also a problem with the division of the 401(k) savings account. The divorce decree states: "The 401(k) savings plans through the employment of the parties shall be divided equally." The record, however, does not reveal whether this particular account was fully or partially vested, or what amount of money was contributed during the marriage versus prior to the marriage. The circuit court did not specify whether all, or part, of the 401(k)'s assets were marital property. So we cannot tell from the decree whether the court equally divided marital property or distributed nonmarital property to a non-owning spouse for some reason. Given this uncertainty, we remand the case so the circuit court may reconsider the division of the 401(k) account and provide findings to support whatever decision it makes.
Therefore, we reverse and remand for specific distribution of the pension.
Jose's second point on appeal is the court's failure to designate the agreement of monetary support by its Pulaski County Circuit Court file number. Jose has cited no authority for the position that the court's designation of the agreement by its name rather than its circuit court instrument number was reversible error. This court may refuse to consider an argument when the appellant fails to cite any legal authority, and the failure to cite authority or make a convincing argument is sufficient reason for affirmance. Jewell v. Fletcher , 2010 Ark. 195, at 24, 377 S.W.3d 176, 191 ; Moody v. Moody , 2017 Ark. App. 582, at 12, 533 S.W.3d 152, 160.
Jose's third and final point on appeal alleges that the court failed to evenly divide the parties' marital property because it failed to distribute numerous items of personal property Jose specifically requested, including a floor buffer, an Apple computer (or the proceeds therefrom), title and license plates for the vehicles, his California driver's license, his Mexican military documents, a large speaker, a photograph of his father, and pictures of the children without their faces cut out. These items were specifically requested in Jose's pretrial motion for contempt, and he testified about them at trial, but the court's written order fails to designate them as marital or nonmarital property or to distribute them to either party. Jose argues that it is impossible for us to determine whether the court equally distributed the couple's marital property when these items, some of which were of significant value, were not addressed in the decree. We agree. For the reasons stated above as to Jose's first point on appeal, we reverse and remand for a specific designation and allocation of assets pursuant to Arkansas Code Annotated section 9-12-315.
Reversed and remanded.
Virden and Gladwin, JJ., agree.