Cite as 2025 Ark. App. 154

# ARKANSAS COURT OF APPEALS
## DIVISION I
### No. CV-23-786

| | |
|---|---|
| MICHAEL AND KAREN SKINNER<br>APPELLANTS | Opinion Delivered March 12, 2025 |
| | APPEAL FROM THE ST. FRANCIS |
| V. | COUNTY CIRCUIT COURT |
| | [NO. 62DR-22-41] |
| MARIE ANGELIQUE GRIFFIN (HOOD)<br>APPELLEE | HONORABLE DANNY GLOVER,<br>JUDGE |
| | AFFIRMED |

**RAYMOND R. ABRAMSON, Judge**

Michael and Karen Skinner appeal the St. Francis County Circuit Court order dismissing their petition for grandparent visitation with a minor child (MC) filed against MC's mother, Marie Angelique Griffin. On appeal, the Skinners argue that the circuit court erred by dismissing their petition because they were not joined in a separate adoption proceeding. We affirm.

MC was born in July 2019 to Angelique and Garrett Griffin. Garrett's mother is Karen Skinner; thus, Karen is MC's biological grandmother.

On February 11, 2022, the Skinners petitioned for grandparent visitation with MC pursuant to Arkansas Code Annotated section 9-13-103(b)(1) (Repl. 2020) against Angelique and Garrett. They stated that Angelique and Garrett divorced on January 12, 2022, and that Garrett did not receive any visitation rights with MC in the divorce decree. They thus

asserted that the divorce severed their relationship with MC. They further alleged that they had overnight visits with MC every other weekend from July 2020 until October 2021, and they claimed they have a significant and viable relationship with MC. They asserted that visitation was in MC's best interest and that the loss of the grandparent relationship would likely cause MC harm and emotional distress. On March 17, Angelique answered.

On January 3, 2023, Angelique moved to dismiss the grandparent-visitation petition. She asserted that an adoption decree entered on July 21, 2022, had terminated Garrett's parental rights and made her MC's sole parent. She thus argued that the Skinners are now strangers to MC and have no standing to bring the petition. Angelique attached the decree of adoption from the St. Francis County Circuit Court, which provides that Garrett consented to Angelique's single-parent adoption on July 13, 2022.

On January 27, the Skinners responded to the motion to dismiss. They argued that they had been "improperly misjoined" from the separate adoption proceeding, and they asserted that they had an interest in any action involving MC. They cited Arkansas Rule of Civil Procedure 19. They further pointed out that they had filed the grandparent-visitation petition before Angelique initiated the adoption case, and they referenced case law that grandparents are entitled to intervene in an adoption case when they have stood in loco parentis and had been granted visitation rights.

The court held a hearing on June 11, and on August 19, the court entered an order dismissing the Skinners' petition. The court found that "once the adoption decree was entered on July 21st, 2022, and the parental rights of Garrett Griffin were terminated, the

2

[Skinners] . . . no longer had standing to assert grandparent rights." The Skinners appealed the August 19 order to this court.

On appeal, the Skinners argue that the circuit court erred by dismissing their grandparent-visitation petition because they were not properly joined in the adoption proceeding. They argue that they did not have the opportunity to participate in the adoption proceeding because Angelique did not provide them notice of the adoption petition. They further point out that they petitioned for grandparent visitation before Angelique filed the adoption petition. They claim that the adoption decree must be voided, and they argue that they must be added as necessary parties to the adoption case.

We find no reversible error. This is an appeal of the order dismissing the Skinners' grandparent-visitation petition. This is not an appeal of the adoption decree. Thus, we cannot consider whether the Skinners should have been joined in the adoption case, and we cannot void the adoption decree. The Skinners cite no authority permitting us to do so. *See Garcia v. Garcia*, 2018 Ark. App. 146, 544 S.W.3d 96 (stating that the failure to cite authority or make convincing argument is sufficient reason to affirm). Accordingly, we find no error by the circuit court in this case, and we affirm the dismissal of the Skinners' petition.

Affirmed.

HIXSON and BROWN, JJ., agree.

*Tim Cullen*, for appellants.

*Andrea Brock*, for appellee.

3