SHAWN A. WOMACK, Associate Justice hAppellant Gregory Pelts appeals the decree of the Lonoke County Circuit Court in his divorce from appellee Shelly Pelts. Gregory argues that the circuit court erred by awarding Shelly a marital portion of whichever military retirement benefit he ends up receiving instead of simply awarding the equivalent of a marital share of the reserve retirement in which he already had a vested interest at the time of his divorce. Gregory also asserts error in the circuit court’s decision to require him to select a survivor benefit when he retires. Our court of appeals affirmed the decision of the circuit court. 2016 Ark. App. 75, 482 S.W.3d 345. Appellant petitioned this court for review, which was granted. When we grant a petition for review, we treat the appeal as if it had been originally filed in this court. Fowler v. State, 2010 Ark. 431, 371 S.W.3d 677. Our jurisdiction is pursuant to Arkansas Supreme Court Rule 1-2(e) (2016). For the reasons outlined below, we agree that | athe circuit court erred on both determinations. We reverse and remand for the circuit court to enter a decree consistent with this opinion. I. Facts Gregory and Shelly Pelts married in 1990 and divorced in 2014. Gregory has spent his career in the military, including substantial time in both reserve and active-duty roles. At the time of the divorce, he had already accumulated enough service years to be vested in the reserve retirement program, which will begin paying out when he turns 60 years old. If he serves four more years on active duty beyond the time of the divorce, he will become eligible for the active-duty retirement program, which will begin paying immediately from that point. Gregory will be 49 years old at that time. In addition to any differences in benefit levels, obtaining active-duty retirement would result in over a decade of additional retirement payments. In the divorce decree, the circuit court granted Shelly a marital portion of Gregory’s military retirement. The decree applies to his current expectation of reserve retirement, but also grants the same share of any active-duty retirement he will receive if he ultimately completes the requisite years to move up his retirement date. It also orders Gregory to pay for a surviv- or-benefit option for Shelly from whatever retirement payments he ends up receiving. II. Analysis We review divorce cases de novo; we review the division of property in a divorce for clear error. See Skokos v. Skokos, 344 Ark. 420, 425, 40 S.W.3d 768, 771-72 (2001). A finding is clearly erroneous when the reviewing court, on the entire evidence, is left with | sthe definite and firm conviction that a mistake has been committed. Id. (citing Huffman v. Fisher, 343 Ark. 737, 38 S.W.3d 327 (2001)). A. Vested Interests The expectation of retirement payments is an interest unlike traditional categories of property. Nevertheless, we have held that courts may divide such interests in divorce decrees if they are vested. See, e.g., Day v. Day, 261 Ark. 261, 663 S.W.2d 719 (1984). Whether a retirement interest is vested hinges on several factors, including whether the benefit “cannot be diminished by the [employer] and is not dependent upon ,.. continued employment.” Id. at 264, 663 S.W.2d at 720. We have also asked whether the interest was “fully distributive upon the date of the ... divorce.” See Hackett v. Hackett, 278 Ark. 82, 84, 643 S.W.2d 560, 562 (1982). Applying this analysis to military retirement programs, we have concluded that “[i]f a divorcing spouse has achieved an entitlement to military,.retirement pay, that entitlement is an asset which may be divided between the parties to the divorce.” Christopher v. Christopher, 316 Ark. 215, 216, 871 S.W.2d 398, 399 (1994). Further, when an interest in military retirement pay has vested, the spouse is entitled to any enhancements of that interest at the time the benefits are paid, even when those enhancements occur after the time of divorce. Askins v. Askins, 288 Ark. 333, 337, 704 S.W.2d 632, 634 (1986). The question presented in this case is whether any property interest Gregory has in active duty retirement payments was vested and therefore subject to division at the time of the divorce. Answering this question depends on whether the reserve retirement statutory scheme—in which the parties agree Gregory has a vested interest—is distinct from the active 14duty retirement scheme. If the schemes are distinct, and Gregory was vested only in the reserve program at the time of the divorce, then the circuit court erred as a matter of law in dividing the unvested interest in active-duty retirement pay. If the schemes are unified, then it was within the circuit court’s discretion to treat any future active-duty payments as an enhancement of an already vested interest akin to Askins. Shelly contends that the two programs are merely different facets of a unified military retirement interest, noting that reserve retirement counts active-duty years. See 10 U.S.C. § 12732 (including active-duty years served in the calculation of reserve retirement). She construes our cases to stand for the proposition that any vested interest toehold in any of the varieties of military retirement benefits is sufficient to divide other potential payments authorized in Title 10 of the United States Code. Gregory instead argues that the reserve and active-duty retirement benefits are legally distinct programs. He points to federal law limiting eligibility for reserve retirement pay to those who are “not entitled, under any other provision of law, to retired pay from an armed force.” 10 U.S.C. § 12731(a)(4). More broadly, Gregory argues, the programs are separate statutory schemes established in different serial statutes under Title 10. The eligibility requirements and structure of the reserve program are set out in' 10 U.S.C. §§ 12731 to 12741; the same information about active-duty or “regular” retirement is in 10 U.S.C. §§ 1401 to 1414. We are persuaded by both the statutory arguments and our case law on vesting that Gregory’s vested property interest in the reserve retirement system at the time of his divorce is distinct from his potential future interest in active-duty payments. The parties do not |ficontest that if Gregory opted to leave the military immediately, he would receive no share of the active-duty retirement payments that might otherwise begin a decade before his anticipated reserve retirement. An interest that is contingent on continued employment is too speculative to be vested and subject to division. See Day, 281 Ark. at 264, 663 S.W.2d at 720. We reverse the circuit court’s division of Gregory’s speculative and nonvested interest in active-duty retirement benefits.[1] B. Survivor Benefit Gregory also argues that the circuit court erred in ordering him to maintain survivor-benefit-plan coverage. Gregory has yet to opt in to a survivor-benefit plan, but he can do so either while still on active duty or when he begins receiving reserve retirement payments at age 60. Shelly contends that the court’s decision was within its discretion and that the costs will, in any case, be borne by both parties in proportion with the division of the retirement payments. Even if Shelly’s argument that the costs of the survivor benefit will be paid by both parties’ share of the retirement is correct, this ignores the inequality in the actual benefit of the survivor benefit. Any potential payout of the survivor benefit will accrue only to Shelly. Even if the costs are borne equally, the mandate that Gregory cofinance a unilateral benefit Ris an unequal division of property presumptively in need of justification under our divorce laws. See Ark. Code Ann. § 9-12-315 (Repl. 2015). We hold that the circuit court clearly erred in effecting an unequal division of property by ordering Gregory to maintain a survivor benefit plan without providing sufficient justification for why he must shoulder a share of the costs. III. Conclusion For the reasons set out above, we hold that the circuit court erred in treating Gregory’s nonvested active-duty retirement interest as divisible property and in ordering him to maintain a survivor-benefit plan out of his retirement income for Shelly’s sole benefit without providing sufficient justification for why Gregory must participate in the cost of the benefit. We reverse and remand for the circuit court to enter a decree consistent with this opinion. Reversed and remanded; Court of Appeals opinion vacated. Kemp, C.J., and Goodson and Wynne, JJ., concur in part and dissent in part. . The dissent argues that Gregory’s interest in reserve retirement cannot be vested in some distinct way from his potential for active-duty or regular retirement because he "will not receive any portion of his supposedly ‘vested’ reserve retirement benefits” if he ultimately continues his military service until active-duty retirement vests. As Gregory argued, however, the circuit court is empowered to award the monetary equivalent of a marital portion of the vested reserve retirement as of the date of the divorce even if Gregory ultimately receives active-duty retirement.