
# ARKANSAS COURT OF APPEALS

DIVISION III
No. CV-16-4

| | |
|---|---|
| BERT LEE MYERS | Opinion Delivered: August 30, 2017 |
| APPELLANT | APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, TWELFTH DIVISION [NO. 60DR-99-1481] |
| V. | |
| SUZIE RIDGLEY | |
| APPELLEE | HONORABLE ALICE S. GRAY, JUDGE |
| | REVERSED ON DIRECT APPEAL; AFFIRMED ON CROSS-APPEAL; MOTION TO DISMISS DENIED |


**DAVID M. GLOVER, Judge**

In this divorce case, appellant Bert Myers appeals from a post-decree order awarding his former wife, appellee Suzie Ridgley, a portion of his active-duty military-retirement pay. Suzie cross-appeals from the circuit court's refusal to order a survivor-benefit plan for her. She has also filed a motion to dismiss Bert's appeal. We reverse on direct appeal, affirm on cross-appeal, and deny the motion to dismiss.

I. *Background*

Bert and Suzie were divorced in 1999 after twenty-nine years of marriage. Throughout the marriage, Bert served in the National Guard, first as a reservist and then on

active duty. During both types of service, he accumulated either participation points (for reserve duty) or creditable time served (for active duty) toward retirement.[1]

By the time the divorce decree was entered in 1999, Bert was vested in his reserve-duty retirement program. However, he was not yet vested in his active-duty retirement program. The decree therefore divided Bert's reserve retirement as marital property and awarded a share of that retirement to Suzie. *See Christopher v. Christopher*, 316 Ark. 215, 871 S.W.2d 398 (1994) (holding that military retirement is divisible as marital property if it is vested at the time of the divorce). The decree did not award Suzie a share of Bert's active-duty retirement because Bert was not yet vested in that program. *See Burns v. Burns*, 312 Ark. 61, 847 S.W.2d 23 (1993); *Durham v. Durham*, 289 Ark. 3, 708 S.W.2d 618 (1986) (holding that military retirement is not subject to division if it is not vested at the time of divorce).

Following the entry of the decree, Suzie asked the circuit court to reconsider the property division, arguing that she was entitled to a share of Bert's "military retirement," whether it took the form of reserve-duty or active-duty benefits. The court refused to overturn its decision, and Suzie did not appeal.

Approximately five years after the divorce decree was entered, Bert became vested in his active-duty retirement. However, he continued his active service and did not plan to retire until October 2012. As his retirement date neared, Suzie filed a motion seeking a

---

[1]An army reservist is generally entitled to receive reserve-duty retirement pay beginning at age sixty if he or she has accumulated a certain number of participation points over twenty years. *See* 10 U.S.C. §§ 12731 to 12733 (1998 & Supp. 2017). Active duty members are generally eligible for retirement pay after twenty years of creditable service, regardless of age. *See, e.g.,* 10 U.S.C. § 1293 (2010).

marital share of Bert's "military retirement," which she defined to include "active duty and/or reserve service."

Bert opposed Suzie's motion on the ground that, at the time the 1999 divorce decree was entered, he was not vested in his active-duty retirement and, for that reason, the decree did not award Suzie a share of his active-duty retirement. He further asserted that it was no longer possible for Suzie to receive a share of his reserve-duty retirement. In support of that point, he presented the testimony of Sergeant First Class Christina Nickell, who testified that Bert was now vested in both types of military retirement—reserve and active duty— but that military regulations prohibited him from drawing both. Sergeant Nickell further explained that military regulations favored active-duty retirement, and because Bert had now attained eligibility for active-duty retirement, his reserve-duty retirement was "nullified," and he was no longer eligible to receive it. *See* 10 U.S.C. § 12731(a)(4) (1998); Army Reg. 2-1(b)(1) (1987). Instead, he was only eligible to receive active-duty retirement.

After the hearing, the circuit court entered a Supplemental Decree dated May 15, 2014. Unlike the original 1999 decree, the Supplemental Decree did not differentiate between Bert's reserve-duty and active-duty retirement. Instead, it stated that Suzie had an equitable interest in Bert's "military retirement," which included "active duty and/or reserve component military service." The court therefore granted Suzie a 33.7% share of Bert's military-retirement payments, which, at that point, consisted solely of his active-duty retirement benefits. Bert now appeals from the court's ruling.

II. *Motion to Dismiss Appeal*

Before we reach the merits of Bert's arguments, we consider Suzie's motion to dismiss Bert's appeal. Suzie argues first that Bert's appeal is untimely because he should have appealed from the original 1999 divorce decree. This argument is not well taken. The original decree awarded Suzie a portion of Bert's vested, reserve-duty retirement but did not award her a portion of his unvested, active-duty retirement. That was the outcome that Bert desired. He therefore had no reason to appeal the original decree at the time it was entered.

Suzie also contends that Bert's appeal should be dismissed because he voluntarily paid part of the retirement benefits owed to Suzie. If an appellant voluntarily satisfies the judgment against him, his appeal is moot and subject to dismissal. *Lytle v. Citizens Bank of Batesville*, 4 Ark. App. 294, 630 S.W.2d 546 (1982). This may be true even where the appellant satisfies only part of a judgment. *Hall v. Hall*, 2012 Ark. 429. One of the primary factors we consider in determining whether an appellant's payment is voluntary is whether he tried to obtain a supersedeas to stay the judgment before paying it. *See Beck v. Beck*, 2017 Ark. App. 311, ___ S.W.3d ___; *Lytle, supra.* However, we may also consider other factors. *Reynolds Health Care Servs., Inc. v. HMNH, Inc.*, 364 Ark. 168, 217 S.W.3d 797 (2005).

In the present case, Bert paid Suzie $4,341.38 toward the approximately $50,000 in retirement benefits that had accrued before his appeal could be heard. Nevertheless, we do not consider his appeal moot. To place the situation in context, Suzie asked the court to award her judgment for the retirement benefits that had accrued pending the entry of the Supplemental Decree—an amount later determined to be approximately $50,000. She also

filed a motion to hold Bert in contempt when the Defense Finance and Accounting Service (DFAS) delayed the payments awarded to her in the Supplemental Decree. Bert's counsel calculated the amount that Suzie had not received during the delay as $4,341.38 and paid her that amount. As a result, Suzie withdrew her contempt motion based on Bert's having "made some payments" to her. Bert's payment, therefore, was not a waiver of his appeal but an attempt to avoid a contempt citation.

Other factors also demonstrate that Bert's appeal is not moot. He and Suzie worked together to devise a payment plan for the $50,000 judgment, but Bert continuously informed the court that his participation in the plan should not be viewed as voluntary and that he was preserving his right to appeal. On the record, Suzie's attorney and the trial judge recognized that Bert was not waiving his right to appeal. And, the judgment itself (which credited Bert for his $4,341.38 payment) stated that Bert's payments "shall not be deemed voluntary and shall not abrogate any right of [Bert] to pursue an appeal." In these circumstances, we deny Suzie's motion to dismiss. *See Brave v. Brave*, 2014 Ark. 175, 433 S.W.3d 227.[2]

### III. *Division of Retirement Benefits as Marital Property*

As mentioned earlier in this opinion, military retirement pay is marital property that may be divided upon divorce. *Nesbitt v. Nesbitt*, 2016 Ark. App. 487, 503 S.W.3d 807. However, it is divisible only if it is vested at the time of the divorce. *Christopher, supra.*

---

[2]Suzie also argues that Bert waived his right to appeal because he failed to notify DFAS that he objected to the Supplemental Decree. However, Bert tried—albeit unsuccessfully—to stay the effect of the Supplemental Decree on several occasions. He asked to deposit the funds he owed into the circuit court registry, and he asked our court for a supersedeas.

Military retirement that is not vested at the time of divorce is not subject to division. *Burns, supra; Durham, supra.* With these legal precepts in mind, we turn to the question at hand: did the circuit court err in awarding Suzie a portion of Bert's active-duty retirement pay in its 2014 Supplemental Decree? We conclude that the court did err.

Our analysis is informed by our supreme court's recent decision in a similar divorce case, *Pelts v. Pelts*, 2017 Ark. 98, 514 S.W.3d 455. In *Pelts*, the husband, Gregory, had served a substantial length of time in the military, both as a reservist and on active duty. At the time of the divorce, he was vested in his reserve retirement program but not in his active-duty retirement program. When the trial court divided the Peltses' marital property pursuant to divorce, it granted Gregory's wife, Shelly, a portion of Gregory's military retirement, including his active-duty retirement that had not yet vested. Gregory appealed, and our supreme court framed the issue as follows:

> The question presented in this case is whether any property interest Gregory has in active duty retirement payments was vested and therefore subject to division at the time of the divorce. Answering this question depends on whether the reserve retirement statutory scheme—in which the parties agree Gregory has a vested interest—is distinct from the active duty retirement scheme. If the schemes are distinct, and Gregory was vested only in the reserve program at the time of the divorce, then the circuit court erred as a matter of law in dividing the unvested interest in active-duty retirement pay. If the schemes are unified, then it was within the circuit court's discretion to treat any future active-duty payments as an enhancement of an already vested interest akin to *Askins* [*v. Askins*, 288 Ark. 333, 704 S.W.2d 632 (1986)].

2017 Ark. 98, at 3-4, 514 S.W.3d at 457.

The supreme court concluded that Gregory's reserve-duty and active-duty retirement programs were separate and distinct military retirement plans. The court therefore ruled that the circuit judge erred in awarding Shelly a portion of Gregory's active-

duty retirement in which he was not yet vested at the time of the divorce. Thus, under *Pelts*, reserve-duty and active-duty retirement are not unified retirement systems but should be viewed separately for purposes of marital-property division.

Here, the circuit court initially divided Bert and Suzie's marital property in the 1999 divorce decree. *See* Ark. Code Ann. § 9-12-315(a) (Repl. 2015) (providing that marital property shall be distributed at the time the divorce decree is entered). The 1999 decree correctly treated Bert's reserve-duty retirement and active-duty retirement as two separate systems and awarded Suzie a marital portion of Bert's reserve-duty retirement—the only type of retirement in which he was vested at that time. However, when the court entered the Supplemental Decree in 2014, it treated the two types of retirement as one—it ruled that Bert's retirement pay fell under the general category of "military retirement" encompassing both "active and/or reserve components of military service." Laboring under this misconception, the court awarded Suzie a share of Bert's active-duty retirement, despite the fact that his active-duty retirement was not vested at the time of the divorce. The court's ruling was therefore contrary to our supreme court's holding in *Pelts*.

In fairness, we recognize that *Pelts* had not yet been decided when the Supplemental Decree was entered in 2014. However, the fact remains that the award to Suzie of a portion of Bert's active-duty retirement cannot stand in light of *Pelts*. We therefore reverse the Supplemental Decree and any related orders granting Suzie a percentage of Bert's active-duty retirement pay. In light of our disposition, we also reverse the $6,500 in attorney's fees awarded to Suzie.

IV. *Cross-Appeal*

Suzie argues on cross-appeal that the circuit court erred in not requiring that she be named a beneficiary under a survivor-benefit plan (SBP), an annuity that military members may provide for their survivors. The circuit court ruled that Suzie's request for an SBP either was barred by the doctrine of res judicata or was not supported by sufficient evidence. We affirm the court's ruling.

The five elements of res judicata are 1) the first suit resulted in a final judgment on the merits; 2) the first suit was based upon proper jurisdiction; 3) the first suit was fully contested in good faith; 4) both suits involve the same claim or cause of action; and 5) both suits involve the same parties or their privies. *Mancabelli v. Gies*, 2015 Ark. App. 67, 454 S.W.3d 785. Res judicata not only bars relitigation of claims that were actually litigated in the first suit, but it also bars those that could have been litigated. *Id.* Here, the matter of the SBP could have been litigated in the parties' 1999 divorce when Bert's reserve-duty retirement was divided. However, the decree makes no mention of an SBP. Further, Suzie did not file her motion seeking SBP coverage until several years after the entry of the decree. Therefore, the elements of res judicata are met, and Suzie's claim for an SBP is barred.

Suzie argues, however, that the circuit court retained jurisdiction in the original divorce decree to consider the SBP. She cites the final paragraph of the decree, which reads as follows:

> And the Court retains jurisdiction of this cause for the purpose of adjudging and awarding to the parties their interest and rights to and in the property and for the purpose of ascertaining or enforcing all rights and obligations of the parties under this decree, and for other proper purposes.

We disagree with Suzie's argument.

A general reservation of jurisdiction, such as the one quoted above, is not sufficient to allow a later modification of a decree; the reservation must be specific to the particular matter at issue. *See Foster v. Foster*, 96 Ark. App. 109, 239 S.W.3d 1 (2006). Here, the reservation clause did not specifically mention an SBP. Thus, the circuit court did not retain jurisdiction as to that matter.

Suzie also argues that a clause in paragraph four of the decree, which divided Bert's reserve retirement pay, allows the circuit court to order an SBP. The clause reads:

> In addition, [Suzie] shall be afforded all *entitlements* applicable to former spouses who have been married to a service member over 20 years of which over 20 years were served as a military member. [Bert] will execute all forms or statements required to insure [Suzie] receives entitlements to include military identification card and medical benefits under Champus/Tricare. In the event [Suzie] discovers that [Bert] was vested in any additional retirement effective the date of this decree, she will be entitled to her share of the same.

(Emphasis added.)

In a hearing below, Suzie asked the circuit court to clarify that the word "entitlements" as used in paragraph four included an SBP. The circuit judge repeatedly asked Suzie to demonstrate how an SBP qualified as an "entitlement" but ultimately ruled that Suzie presented no evidence on the matter and therefore failed to meet her "burden to show that the relief requested in her Motion was included within the terms of the parties' Divorce Decree." Our review of the record convinces us that the circuit judge was correct in her assessment of the evidence, or lack thereof. We therefore affirm on cross-appeal.

Reversed on direct appeal; affirmed on cross-appeal; motion to dismiss denied.

WHITEAKER and HIXSON, JJ., agree.

*Taylor & Taylor Law Firm, P.A.*, by: *Andrew M. Taylor* and *Tasha C. Taylor*, for appellant.

*Ballard & Ballard, P.A.*, by: *Andrew D. Ballard*, for appellee.