Cite as 2020 Ark. App. 122

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CV-19-219

| | |
|---|---|
| NATALIE TOMPKINS<br><br>APPELLANT<br><br>V.<br><br>LAWRENCE TOMPKINS<br><br>APPELLEE | **Opinion Delivered** February 19, 2020<br><br>APPEAL FROM THE GARLAND COUNTY CIRCUIT COURT [NO. 26DR-18-178]<br><br>HONORABLE WADE NARAMORE, JUDGE<br><br>AFFIRMED IN PART; REVERSED AND REMANDED IN PART |

**N. MARK KLAPPENBACH, Judge**

Appellant Natalie Tompkins and appellee Lawrence Tompkins were divorced by a November 2018 divorce decree. Natalie appeals, arguing that the circuit court erred (1) by not awarding her a portion of Lawrence's military retirement benefits and (2) by refusing to consider an award of child support for their son in her custody. We affirm in part and reverse and remand in part.

Lawrence had been an active member of the military since January 1999. The parties married in October 2008, and their son, SGT, was born in 2010. The parties separated in 2015. In April 2018, Lawrence filed a complaint for divorce from Natalie; he was a permanent resident of Hot Springs, Arkansas. Natalie had been living in Germany with the parties' son. Natalie answered the complaint, agreeing that she and their son lived in Germany, and she requested, in part, a division of marital assets and family support. In Natalie's affidavit of financial means and in her answers to interrogatories, she listed her

monthly income to include approximately $222 from a child-support–type benefit provided by the German government and $640 in child support paid by Lawrence. Natalie was also employed and earned approximately $32,000 per year.

The divorce hearing was conducted in November 2018. Lawrence was present with his attorney; Natalie's attorney was present, but Natalie was not. The parties agreed that their child was a resident of Germany and that no custody or visitation issue was before the circuit court in this proceeding. Natalie's attorney raised the issue of child support, though, stating that Lawrence had been paying child support, that the circuit court had jurisdiction over Lawrence, and that there needed to be a court order requiring him to continue paying child support. Lawrence's attorney asserted that only Germany had jurisdiction of anything to do with the child, including visitation and support issues, citing the UCCJEA[1] and the Hague Convention.[2] The circuit court agreed with Lawrence's attorney and ruled that "we're not taking up any issues today concerning the minor child."

Lawrence testified that he entered the military in January 1999, that he had a pension plan with the military governed by military regulations, and that Natalie will receive a portion of his military retirement benefits according to the military regulations. Lawrence

---

[1]The Uniform Child-Custody Jurisdiction and Enforcement Act, provided by Arkansas Code Annotated sections 9-19-101 et seq. (Repl. 2015).

[2]The Hague Convention referred to in the UCCJEA is the Hague Convention on the Civil Aspects of International Child Abduction, as stated in Arkansas Code Annotated section 9-19-302. Generally speaking, the UCCJEA and the Hague Convention (defined in section 9-19-302) work in tandem to protect children internationally from the harmful effects caused by the removal of a child from, or the refusal to return a child to, his or her habitual residence. *See Vela v. Ragnarsson*, 2011 Ark. App. 566, 386 S.W.3d 72; *Courdin v. Courdin*, 2010 Ark. App. 314, 375 S.W.3d 657.

told the circuit court that they had no property or debts for the court to divide but added that if Natalie wanted part of his retirement, he wanted the court to consider that Natalie had acquired real property in Germany during the marriage. At the conclusion of the hearing, Natalie's attorney asserted that she had "military pension rights," but the circuit court replied that no evidence had been presented on which it could make a determination.

The November 2018 divorce decree recited in relevant part:

> 5. Based on the limited testimony the Court finds that there is [sic] no debts to adjudicate and each party shall be entitled to keep the property in their possession and name, and shall have full ownership, use, control, and financial responsibility for the same, free and clear of any claims of the other party, including any retirement, pension, and military retirement accounts.

> 6. The parties allege a minor child of the marriage, but stipulate the child is a multi-year resident of Germany and the Court makes no order as to the minor child due to lack of subject matter jurisdiction, and therefore Defendant's request for child support is denied.

This appeal followed.

### I. *Military Retirement Benefits*

Arkansas Code Annotated section 9-12-215(a)(1)(A) (Repl. 2015) requires that when a divorce decree is entered, all marital property shall be distributed one-half to each party unless the court finds such a division to be inequitable. We review division-of-marital-property cases de novo, but we will not reverse the circuit court's findings of fact unless they are clearly erroneous or against the preponderance of the evidence. *See Hernandez v. Hernandez*, 371 Ark. 323, 265 S.W.3d 746 (2007). A finding is clearly erroneous when the reviewing court, on the entire evidence, is left with the definite and firm conviction that a mistake has been made. *Perser v. Perser*, 2019 Ark. App. 467, 588 S.W.3d 395.

Natalie argues that Lawrence himself testified that he had been an active military member since January 1999, that they married in October 2008, and that Natalie would receive a portion of his pension according to military regulations. She contends that this was sufficient evidence to support the existence and extent of the marital portion of Lawrence's military pension and demonstrates that the circuit court clearly erred in failing to distribute it accordingly. Lawrence contends that Natalie failed to present evidence (1) to establish that Lawrence was vested at the time of divorce, (2) to establish what the pension's value was and what type of pension it was, and (3) to prove what formula was proper to apply. Lawrence argues that given a lack of evidence, the court did not clearly err.

We hold that the circuit court did not clearly err in its findings on this issue. Military retirement pay is marital property that may be divided upon divorce, but it is divisible only if it is vested at the time of the divorce. *Myers v. Ridgley*, 2017 Ark. App. 411. Military retirement that is not vested at the time of divorce is not subject to division. *Id.* If the divorcing military spouse has not served for a time sufficient to have earned the right to receive military retirement pay, the right has not "vested," and there is no asset to be divided upon divorce. *Christopher v. Christopher*, 316 Ark. 215, 871 S.W.2d 398 (1994); *Burns v. Burns*, 312 Ark. 61, 847 S.W.2d 23 (1993). Natalie fails to establish reversible error because she presented no evidence to support a finding that Lawrence was "vested" in his military retirement at the time of the divorce.

## II. *Child Support*

Natalie argues that the circuit court was wrong to find that it lacked subject-matter jurisdiction to establish a child-support obligation on Lawrence for his minor son. Natalie agrees that the circuit court lacked jurisdiction over *custody and visitation*, but she asserts that jurisdiction over the *child-support* issue is separate and distinct. Lawrence responds that Natalie failed to ask to establish child support in her answer and therefore waived the issue; that the UCCJEA permitted the circuit court to refuse to exercise jurisdiction here; and that the Uniform Interstate Family Support Act (UIFSA) contained methods to establish permissible exercise of jurisdiction, but Natalie failed to establish any basis for subject-matter jurisdiction. We hold that the circuit court erred in deciding that it lacked subject-matter jurisdiction over the child-support issue.

It is apparent that everyone understood the custody and visitation issues to fall outside the purview of this proceeding, and this comports with the UCCJEA. On appeal, both parties appear to accept that the circuit court could exercise jurisdiction over the child-support issue under certain circumstances. It is worth explaining the differing principles when it comes to child custody versus child support.

Child-custody and child-support are matters governed by the Family Law portion of the Arkansas Code, which are provided in Title 9. Within Title 9, though, are two separate chapters relevant here: Chapter 19 controls child-custody matters under the UCCJEA (Ark. Code Ann. §§ 9-19-101 et seq.), whereas Chapter 17 controls child-support matters under UIFSA (Ark. Code Ann. §§ 9-17-101 et seq. (Repl. 2015)). The issue presented here is a child-support matter under the UIFSA, not a custody matter under the UCCJEA.

5

The UIFSA also works in tandem with the Hague Convention, but for Chapter 17's purposes, the Hague Convention means "the Convention on the International Recovery of Child Support and Other Forms of Family Maintenance, concluded at The Hague on November 23, 2007." Ark. Code Ann. § 9-17-102(3).

The Uniform Law Comment to Arkansas Code Annotated section 9-17-201 illuminates some of the distinctions within family law on the issue of jurisdiction:

> [F]amily law is rife with instances of bifurcated jurisdiction. For example, a tribunal may have jurisdiction to establish a child-support order based on personal jurisdiction over the obligor under Section 201, but lack jurisdiction over child custody, which is a matter of status adjudication usually based on the home state of the child.

Ark. Code Ann. § 9-17-201, Uniform Law Cmt., (West Supp. 2019). The current appeal presents an issue of bifurcated jurisdiction. The parties agreed that the parties' son was a long-time resident of Germany, where he had lived with Natalie. The child's home state for purposes of custody and visitation matters would be in Germany. This fully supports the circuit judge's decision and the parties' agreement that the Garland County proceeding would not involve custody or visitation.

Child support, however, is an entirely different matter. Any parent having physical custody of a minor child may file a petition to require the noncustodial parent to provide support for the minor child. *See Hardy v. Wilbourne*, 370 Ark. 359, 259 S.W.3d 405 (2007); Ark. Code Ann. § 9-14-105(b)(1).

The legislature envisioned the scenario presented in this case. Arkansas Code Annotated section 9-17-401 provides in pertinent part:

(a) If a support order entitled to recognition under this chapter has not been issued, a responding tribunal[3] of this state with personal jurisdiction over the parties may issue a support order if:

(1) the individual seeking the order resides outside this state[.]

. . . .

(c) Upon finding, after notice and opportunity to be heard, that an obligor owes a duty of support, the tribunal shall issue a support order directed to the obligor and may issue other orders pursuant to § 9-17-305.

The Uniform Law Comment to this statute states:

This section authorizes a responding tribunal of this state to issue temporary and permanent support orders binding on an obligor over whom the tribunal has personal jurisdiction when the person or entity requesting the order is "outside this state," i.e., anywhere else in the world. UIFSA does not permit such orders to be issued when another support order entitled to recognition exists, thereby prohibiting a second tribunal from establishing another support order and the accompanying continuing, exclusive jurisdiction over the matter. See sections 205 and 206.

Ark. Code Ann. § 9-17-401 Uniform Law Cmt. (West. Supp. 2019). The circuit court had personal jurisdiction over Lawrence for child-support purposes and had subject-matter jurisdiction to establish a child-support order upon Natalie's request, absent an existing child support order in some other forum. In line with the objective and public policy of establishing and enforcing child support for minors, we reverse and remand because the circuit court erred in deciding that it lacked subject-matter jurisdiction to establish an order of child support in this case.

---

[3] Arkansas Code Annotated section 9-17-102(23) defines "responding state" as a state in which a petition or comparable pleading for support or to determine parentage of a child is filed or to which a petition or comparable pleading is forwarded for filing from another state or a foreign country. Section 9-17-102(24) defines "responding tribunal" as the authorized tribunal in a responding state or foreign country.

In summary, the divorce decree is affirmed as to the military–retirement–benefits issue and is reversed and remanded as to the child-support issue.

Affirmed in part; reversed and remanded in part.

VAUGHT and HIXSON, JJ., agree.

*Steve Westerfield*, for appellant.

*Ballard & Ballard, P.A.*, by: *Andrew D. Ballard*, for appellee.