Cite as 2020 Ark. App. 152

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** CV-19-488

| | |
|---|---|
| MARGARETTA SUE HAYDEN<br>APPELLANT | **Opinion Delivered:** March 4, 2020 |
| V. | APPEAL FROM THE GARLAND<br>COUNTY CIRCUIT COURT<br>[NO. 26DR-17-396] |
| JASON S. HAYDEN<br>APPELLEE | HONORABLE LYNN WILLIAMS,<br>JUDGE |
| | REVERSED AND REMANDED IN<br>PART; AFFIRMED IN PART |

## RAYMOND R. ABRAMSON, Judge

Margaretta Sue Hayden appeals from the divorce decree entered by the Garland County Circuit Court granting Jason S. Hayden a divorce. On appeal, Margaretta argues that the circuit court erred by (1) inequitably dividing their marital property in favor of Jason; (2) failing to award her attorney's fees; and (3) not ordering Jason to pay storage fees for his refusal to return her personal property. We reverse and remand in part and affirm in part.

Margaretta and Jason married on December 22, 2000, and they have one child together.[1] On May 12, 2017, Jason filed a complaint for divorce. The case proceeded to a hearing on December 4, 2018.

---

[1]The child was born on April 11, 2000, and he reached the age of majority before the divorce hearing.

At the hearing, the parties informed the court that they had settled on several issues, and Jason's attorney read the settlement into the record. Jason then testified that he had served twenty years in the United States Marines Corps beginning in April 1996 and ending in April 2016. He testified that he receives $2027.99 per month in military retirement, and because he is 100 percent disabled, he also receives $3200 per month from the Veterans Affairs Department (VA) for disability. He also testified that he has a military thrift-savings account totaling about $17,000. Jason stated that Margaretta is entitled to 30 percent of his military retirement, and if the court granted her that amount, she should keep her 401(k) account.

Margaretta testified that she receives $939 per month from Social Security for disability and $1884.67 from VA disability. She further testified that she has almost $6000 in an individual retirement account (IRA). She stated that she suffers from several health issues including a deviated septum, a hearing deficit, an autoimmune disease, kidney and liver problems, post-traumatic-stress disorder, and depression. She asked the court to award her 40 percent of Jason's military retirement benefits.

On March 4, 2019, the court entered a divorce decree granting Jason an absolute divorce. The court noted that the parties had agreed that the 2008 Harley Davidson motorcycle and the 1978 Yamaha XS650 should be awarded to Margaretta and that the 1971 Suzuki motorcycle and the 2005 Hummer should be awarded to Jason. The order further noted that the parties had a storage unit containing personal property and that Jason had paid the storage fees totaling $2700. The court ordered that Margaretta and Jason be equally responsible for the storage fees. The court further noted they had agreed to divide

their personal property in kind or make arrangements for an auction. The court ordered that parties each be responsible for debts in their individual names. The court further ordered that Jason's thrift-savings plan totaling $17,200 be divided equally, that the parties retain their VA disability payments as their separate property, and that Margaretta retain her Social Security benefits.[2]

In the findings-of-fact section of the decree, the court ordered "the parties to split equally [Margaretta's] 401K." In the conclusions-of-law section, however, the court found that "each party shall keep as their sole and separate property all 401K Retirement or any other retirement benefits in their individual names as their sole and separate property."

On March 12, Margaretta filed a motion for reconsideration, and on March 29, she filed a notice of appeal of the divorce decree. On May 6, the court denied the motion for reconsideration. On May 15, Margaretta filed a motion to amend the judgment and asserted in part that Jason should be responsible for all storage fees for their personal property because he had refused to return her property. We now turn to the issues on the appeal.[3]

Our court reviews divorce cases de novo on appeal. *Moore v. Moore*, 2016 Ark. 105, 486 S.W.3d 766. With respect to division of property, a circuit court's findings of fact should be affirmed unless they are clearly erroneous or clearly against the preponderance of the

---

[2]In the decree, the court also noted that Margaretta had received $5,448 in Social Security payments on behalf of their child from June 2017 through May 2018. The court found that she was not entitled to retain those payments because the child was in Jason's custody at that time, but the court did not order Margaretta to reimburse Jason.

[3]In her brief, Margaretta asserts that the divorce decree "posits a Rule 54(b) [c]ertificate" and that she requested a certificate, but the circuit court did not issue one. We find that the decree is a final, appealable order not requiring a Rule 54(b) certificate.

evidence. *Id*. Our court applies the same standard when analyzing the propriety of a child-support order and will not reverse a finding of fact by the circuit court unless it is clearly erroneous. *Wright v. Wright*, 2010 Ark. App. 250, 377 S.W.3d 369.

On appeal, Margaretta first argues that the circuit court erred by inequitably dividing their marital property in favor of Jason. Specifically, she argues that Jason's military retirement is marital property and that she is entitled to one-half of the pension from the date of their marriage through his retirement. She further asserts that the circuit court did not state a basis for the unequal distribution.

Under Arkansas Code Annotated section 9-12-315(a)(1)(A) (Repl. 2015), all marital property shall be distributed one-half to each party unless the court finds such a division to be inequitable. In that case, the court shall make some other division that the court deems equitable, taking into consideration a list of nine factors:

(i) The length of the marriage;

(ii) Age, health, and station in life of the parties;

(iii) Occupation of the parties;

(iv) Amount and sources of income;

(v) Vocational skills;

(vi) Employability;

(vii) Estate, liabilities, and needs of each party and opportunity of each for further acquisition of capital assets and income;

(viii) Contribution of each party in acquisition, preservation, or appreciation of marital property, including services as a homemaker; and

(ix) The federal income tax consequences of the court's division of property.

4

When the unequal property division is based on those factors, "the court *must* state its basis and reasons for not dividing the marital property equally between the parties, and the basis and reasons should be recited in the order entered in the matter." Ark. Code Ann. § 9-12-315(a)(1)(B) (emphasis added). When a circuit court does not recite any of the statutory reasons why an unequal distribution is equitable, reversal is required. *Tipton v. Tipton*, 2017 Ark. App. 601; *see also Wadley v. Wadley*, 2012 Ark. App. 208, 395 S.W.3d 411; *Watkins v. Watkins*, 2012 Ark. App. 27, 388 S.W.3d 53 (In the absence of an explanation of an unequal distribution of marital assets, the case was remanded for entry of an order that demonstrated proper consideration of the statutory factors.).

Here, it is plain from the circuit court's order that it failed to consider or recite any of the factors from subdivision (a)(1)(A) when it did not equally divide Jason's military retirement. We therefore agree with Margaretta that the circuit court's order distributing the marital property was entered in error.

Jason asserts that Margaretta has failed to establish that the circuit court unequally divided their marital property. Thus, he claims that the property was divided equally and that the circuit court was not required to state a basis for its distribution. We agree with Jason that Margaretta's brief poorly explains the distribution of the marital estate, and poorly develops the issue; nevertheless, military-retirement benefits are marital property, *Myers v. Ridgley*, 2017 Ark. App. 411; *Nesbitt v. Nesbitt*, 2016 Ark. App. 487, 503 S.W.3d 807, and the circuit court provided no basis for not awarding Margaretta a portion of Jason's benefits. Furthermore, there are two issues in the divorce decree that frustrate our review of the distribution of the marital estate. First, the circuit court's distribution of Margaretta's 401(k)

5

account is unclear. The decree first states that the parties shall split the account equally, but it subsequently states to the contrary that all 401(k) accounts shall be the parties' separate property.[4] Second, at the divorce hearing, there was evidence concerning the parties' joint debt. The decree states that the parties shall each be responsible for debts in their individual names, but the court made no findings concerning joint debt, and it did not distribute the joint debt. The circuit court should address these issues on remand. *See Thurmon v. Thurmon*, 2016 Ark. App. 497, 504 S.W.3d 675 (remanding an appeal of a divorce decree in part because the decree was unclear on the division of a 401(k) savings account).

Circuit courts have broad powers in distributing marital property in order to effect a division that is fair and equitable under the specific circumstances. *Copeland v. Copeland*, 84 Ark. App. 303, 139 S.W.3d 145 (2003). Further, allocation of marital debt must be considered in the context of the distribution of all the parties' property. *Hackett v. Hackett*, 278 Ark. 82, 643 S.W.2d 560 (1982). Thus, on remand, the circuit court is not precluded from reconsidering its division of the marital estate in order to effect a fair and equitable disposition. *See Wadley*, 2012 Ark. App. 208, 395 S.W.3d 411 (holding that a circuit court was not precluded from reconsidering an award of alimony on remand of a marital-property matter in order to effect a fair and equitable distribution).

Margaretta next argues that the circuit court erred by failing to award her attorney's fees. We have repeatedly held that we will not consider an argument if the appellant does not make a convincing argument or cite authority to support it. *Fennell v. City of Pine Bluff*, 2016 Ark. App. 275, 492 S.W.3d 887. It is not the duty of this court to research or develop

---

[4]Margaretta testified that she has an IRA, not a 401(k).

arguments for an appellant on appeal. *Id.* The failure to develop a point legally or factually is reason enough to affirm the circuit court. *Id.* Because Margaretta has failed to present this court with a convincing and developed argument concerning attorney's fees, we decline to address her argument on appeal.

Margaretta lastly argues that the circuit court erred by not ordering Jason to pay the full amount of storage fees for their personal property since he refused to return certain property to her. Margaretta raised this issue in her motion to amend the judgment, which was filed in the circuit court on May 15, 2019. However, the record does not show that the court issued a ruling on the motion. The failure to obtain a ruling on an issue precludes our review on appeal. *Gwin v. Daniels*, 357 Ark. 623, 184 S.W.3d 28 (2004). Moreover, even though Margaretta included a copy of the motion to amend the judgment in her addendum, the motion is not included in the record. Our supreme court has repeatedly and consistently stated that matters outside the record will not be considered on appeal, and it is the appellant's burden to bring up a record sufficient to demonstrate that the circuit court was in error. *Hudson v. Kyle*, 365 Ark. 341, 229 S.W.3d 890 (2006). Accordingly, we cannot consider the storage-fees issue on appeal.

Reversed and remanded in part; affirmed in part.

GLADWIN and BROWN, JJ., agree.

*James E. Hensley, Jr.*, for appellant.

*Michael H. Crawford*, for appellee.