Cite as 2021 Ark. App. 376

# ARKANSAS COURT OF APPEALS

DIVISION IV

**No.** CV–20–507

| | |
|---|---|
| SONYA Y. JOHNSON<br><div align="right">APPELLANT</div><br><br>V.<br><br><br>KORTNEY D. JOHNSON<br><div align="right">APPELLEE</div> | **Opinion Delivered** October 6, 2021<br><br>APPEAL FROM THE PULASKI COUNTY CIRCUIT COURT, SEVENTEENTH DIVISION<br>[NO. 60DR-19-424]<br><br>HONORABLE MACKIE M. PIERCE, JUDGE<br><br>REVERSED AND REMANDED |

### STEPHANIE POTTER BARRETT, Judge

Sonya and Kortney Johnson were divorced by a decree entered on March 31, 2020, after eighteen years of marriage. Sonya appeals from the Pulaski County Circuit Court divorce decree, arguing that (1) the circuit court's order should be reversed because the circuit court distributed Kortney's military retirement assets without first ascertaining the value, and (2) the circuit court's order should be reversed because the division of assets was neither equal nor equitable. We hold that the circuit court clearly erred by failing to place a value on Kortney's military retirement and failed to properly explain the inequitable division, if any, of Kortney's military retirement benefits. Therefore, we reverse and remand.

Sonya and Kortney were married on October 1, 2001, and two children were born of the marriage. The couple separated on November 1, 2016, and on January 31, 2019,

Kortney filed a complaint for divorce against Sonya. A final hearing was not held until January 3, 2020. At the hearing, Kortney testified that he was an active member of the United States Army and had accumulated twenty-six years and eight months of service to date. He testified that he received approximately $9,800 in gross monthly wages. He testified that once he retired, he would be eligible to receive military retirement pay for the remainder of his life. Kortney stated he and Sonya had been married for eighteen years and four months of the twenty-six years and eight months of service, which amounted to approximately 68 percent of his military career. He agreed that Sonya would be entitled to 34 percent of his military retirement benefits. Sonya testified that she was not currently employed and had only been sporadically employed during the latter years of the marriage. Sonya stated that during the marriage, she cashed in her Bank of America retirement account totaling $45,000 in order to provide living expenses for her and their children.

By decree, Sonya was awarded primary physical custody of their two children, subject to reasonable visitation by Kortney. Kortney was ordered to pay monthly child support in accordance with the Arkansas Child Support Guidelines. The circuit court ordered the sale of the Malvern home that had been purchased in 2004 and any profit divided equally. However, if the sale resulted in a deficiency, Sonya was to be responsible for any payment. The circuit court also equally divided the parties' vehicles and associated debts. The circuit court held that each party was awarded all financial accounts in each's own name as his or her separate property. The circuit court ordered that the parties be responsible for debts in their own names. In the findings-of-fact section of the decree, the circuit court held:

> 68. **Retirement Benefits.** Defendant has cashed out her retirement funds, and Plaintiff has received no benefit from the distribution. For this and other reasons

2

set forth herein, Plaintiff is awarded his full retired military pay free and clear of any interest by Defendant.

On April 19, Sonya filed a motion for reconsideration, alleging that the division of Kortney's military retirement benefits was wholly inequitable and not supported by the evidence. Kortney filed a response alleging that the divorce decree set forth the circuit court's reasons for the unequal division of military benefits and that the circuit court conducted a proper analysis under Ark. Code Ann. § 9-12-315(a)(1)(A) (Repl. 2020). The circuit court did not rule on the motion for reconsideration, and it was deemed denied by operation of law under Ark. R. App. P.–Civ. 4(b)(1).

We review divorce cases de novo on appeal. *Pratt v. Pratt*, 2019 Ark. App. 264, 576 S.W.3d 511. We will not reverse a circuit court's finding of fact in a divorce case unless it is clearly erroneous. *Id.* A circuit court's finding is clearly erroneous when, although there is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been made. *Id.* We give due deference to the circuit court's superior position to determine the credibility of witnesses and the weight to be given their testimony. *Doss v. Doss*, 2018 Ark. App. 487, 561 S.W.3d 348.

On appeal, Sonya argues that the circuit court erred by inequitably dividing the military retirement benefits in favor of Kortney. Specifically, she argues that the circuit court should have ascertained the value of Kortney's military retirement benefits before allocating the entire amount to him, and the division of the military retirement benefits was so inequitable that reversal is required.

Under Arkansas law, all marital property shall be distributed one-half to each party unless the court finds such a division to be inequitable. *See* Ark. Code Ann. § 9-12-

3

315(a)(1)(A); *Hayden v. Hayden*, 2020 Ark. App. 152, 594 S.W.3d 912. If the circuit court finds such a division would be inequitable, then it shall make some other division that the court deems equitable, taking into consideration a list of nine factors set forth in Ark. Code Ann. § 9-12-315 (a)(1)(A):

(i) The length of the marriage;

(ii) Age, health, and station in life of the parties;

(iii) Occupation of the parties;

(iv) Amount and sources of income;

(v) Vocational skills;

(vi) Employability;

(vii) Estate, liabilities, and needs of each party and opportunity of each for further acquisition of capital assets and income;

(viii) Contribution of each party in acquisition, preservation, or appreciation of marital property, including services as a homemaker; and

(ix) The federal income tax consequences of the court's division of property.

When the unequal property division is based on those factors, "the court must state its basis and reasons for not dividing the marital property equally between the parties." Ark. Code Ann. § 9-12-315(a)(1)(B). When a circuit court does not recite any of the statutory reasons why an unequal distribution is equitable, reversal is required. *Id*. However, the circuit court is not required to list each factor in its order or to weigh each factor equally. *Hayden, supra*. The specific statutory factors do not preclude the circuit court from considering other relevant factors, where exclusion of other factors would lead to absurd results or deny the intent of the legislature to allow for the equal division of property. *Id*. Exceptions to the

4

rule of equal distribution will always depend on the specific facts as reflected by the circuit court's findings and conclusions. *Pratt*, 2019 Ark. App. 264, 576 S.W.3d 511. The statute requires the lower court to simply explain its reasons for not dividing the marital property equally, not to recite each of the statutory factors in the order.

The circuit court found that Kortney had twenty-six years and eight months of service in his military retirement plan and, taking into account his and Sonya's marriage of eighteen years and four months, 68 percent of his retirement pay was marital property, and Sonya's interest would be 34 percent. However, rather than equally dividing the military retirement benefits that had accrued during the marriage according to the circuit court's division of marital-property percentages, the circuit court awarded Kortney the full amount of his military retirement benefits. The circuit court explained that this award was because Sonya had cashed out her retirement benefits, and Kortney did not receive any benefit from the distribution. The circuit court also cited "other reasons" contained in the decree. In our review of the decree, the "other reasons" appear to be the following:

> 53. The parties' own real property that is located at 1607 South Main Street in Malvern, Hot Spring County, Arkansas. Defendant's mother and sister live in the home rent-free, and the home has gone into a state of needing repairs. The Affidavit of Financial Means of Defendant reflects that she is not employed and has no income. During the separation of the parties and while Defendant's family members were living rent-free in the marital home, the home loan went into delinquency status and Plaintiff had to pay twenty-two thousand seven hundred dollars to clear the delinquency.

> 54. For the income tax year of 2016, the parties received a joint federal income tax refund in the amount of nine thousand nine hundred eighty two dollars ($9,982.00). Defendant received the use and benefit of the full refund. Defendant has also received the full use and benefit of an individual income tax refund in claiming the minor children as dependents during the separation.

5

55. Defendant received the income tax refunds while Plaintiff was paying the lion's share of debt obligations, including the monthly note on the home loan and support for the two (2) minor children and Defendant. During the separation, the monthly amount of financial support that Plaintiff has provided directly to Defendant has exceeded the obligation that this Court would have ordered.

56. Defendant cashed out the full $45,000 in her retirement account with Bank of America, and Plaintiff received no benefit from the distribution.

It is impossible to determine whether the circuit court intended to distribute the retirement assets equally, or unequally but equitably, because the circuit court failed to place a value on Kortney's retirement assets. It is undisputed that Kortney is still an active member of the military and entitled to military retirement benefits for the remainder of his life. However, he could not explain to the circuit court how to calculate his retirement and did not know whether the amount would be one-half his current pay of $8,024 a month at the time of the divorce or two and a half times his number of years served. We hold that the circuit court clearly erred by failing to place a value on Kortney's military retirement benefits.

We also hold that the circuit court failed to properly explain the inequitable division, if any, of Kortney's military retirement benefits. Although the circuit court appeared to reason that because Kortney shouldered most of the marital debt and Sonya cashed out her retirement from which Kortney received no benefit, Sonya should not share in the marital portion of Kortney's military retirement benefit even though Sonya testified she cashed out her retirement account in order to provide for their children. The circuit court stated "other" reasons for this unequal division; however, it did not properly address this issue. When a circuit court fails to compare the amount of debt from which the nonreceiving

6

spouse was relieved to the amount and duration of retirement benefits of which she was deprived, reversal is required. *Bellamy v. Bellamy*, 2011 Ark. App. 433. Here, the circuit court did not assign a value to Kortney's military retirement benefits when it awarded the benefits to Kortney.

In *Copeland v. Copeland*, 89 Ark. App. 303, 139 S.W.3d 145 (2003), this court remanded to the circuit court because there was no evidence in the record to establish the value of the substantial amount of marital property divided between the parties by agreement, and our court could not say whether the disproportionate distribution of the marital retirement assets was erroneous. Pursuant to our holding in *Copeland*, we reverse and remand for the circuit court to determine the value of Kortney's military retirement benefits, to clearly articulate whether it is making an equal or unequal distribution of assets, and if unequal, to state the reasons why such distribution is equitable.

Reversed and remanded.

HARRISON, C.J., and KLAPPENBACH, J., agree.

*Taylor & Taylor Law Firm, P.A.*, by: *Andrew M. Taylor*, *Tasha C. Taylor*, and *Tory H. Lewis*, for appellant.

*Nelms Crawford Law Firm, PLLC*, by: *Marie A. Crawford*; and *Friday, Eldredge & Clark, LLP*, by: *William A. Waddell, Jr.*, for appellee.